## CRAWFORD *v.* WILLIFORD.

PER CURIAM. P. B. Williford brought suit against John Crawford, to recover a stated sum as damages for the breach of a contract, alleging that the defendant, on the 8th day of March, 1913, executed a certain contract for a valuable consideration, agreeing in one paragraph that he would, upon the payment of $40,000 within eight months from the date of the contract, execute to the plaintiff or his assigns good and sufficient warranty title to certain described land. In a paragraph of the contract subsequent to the one just referred to it was stipulated that the defendant "also agrees to sell on terms of one half cash, balance one to four years with interest at 7%. This option to purchase shall expire if the money is not paid within eight months from this date." It was alleged that within eight months from the date of the contract the plaintiff tendered the $20,000 in cash and offered the notes of himself "or W. S. Roach, to·whom petitioner had sold the land and who was solvent, for the balance," the notes tendered being due in one, two, three, and four years, and that Crawford refused to accept the money tendered and to execute the bond for title, or otherwise close up the contract as contemplated. A general demurrer to the petition was overruled, and the defendant excepted. *Held:* This was not a suit to recover of the defendant because of the breach of the contract contained in the paragraph first referred to, which stipulates clearly and distinctly the terms upon which the owner of the property agreed to sell at a price where the entire amount of the purchase-money was paid in cash, but the plaintiff seeks to recover for a breach of the contract contained in the other paragraph, which is quoted literally and in full. And as an action based upon that part of the contract, it must fall, because the contract for a breach of which damages are claimed is too vague and indefinite to be enforced. While the amount of the cash payment under the stipulations of this paragraph is a definite, certain amount, the terms of the payment of the balance of the purchase-price are indefinite and uncertain, because it is not stated whether notes are to be given for the balance; and if it be assumed that notes were to be given, then the amounts of the same and the date upon which they were to be paid are left uncertain. ·For these reasons the contract is invalid and unenforceable, and the refusal of the owner of the property to sell under the terms of the contract contained in the paragraph now under consideration gives no right of action. Consequently the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except*

BECK, J., dissenting. I am of the opinion that it is clearly inferable from the terms of the contract that the plaintiff had the option to pay the entire purchase-price in cash, or the sum of $20,000, and give notes for equal amounts, with interest at seven per cent. from date of their execution, payable in one, two, three, and four years, for the balance. And thus construed, the contract is not indefinite, and a breach thereof is sufficiently alleged to withstand a general demurrer.

JULY 14, 1916.

Action for breach of contract.   Before George P. Munro, judge
pro hac vice.   Schley superior court.   May 21, 1915.
  *Wallis & Fort* and *C. R. McCrory,* for plaintiff in error.
  *Shipp & Sheppard* and *J. H. Cheney,* contra.