TRUST COMPANY OF GEORGIA, administrator, *et al.* v. NEAL.

ATKINSON, J. 1. A paper provided: "The undersigned hereby agrees to purchase . . the following described property, to wit: [then follows a description of particular realty] for the sum of twenty-seven thousand, five hundred dollars ($27,500.00) to be paid as follows: Assumption of loan $9500.00, cash $7000.00, and the balance represented by [then follows a description of other realty]. [Signed] L. G. Neal. The above proposition is hereby accepted . . [Signed] D. J. Griffin." *Held,* that the language, "assumption of loan $9500.00," construed in connection with its context, is too indefinite to identify any particular loan. *Crawford* v. *Williford,* 145 *Ga.* 550 (89 S. E. 488) ; *Young* v. *Flournoy,* 139 *Ga.* 634 (77 S. E. 807). For a discussion of the subject of certainty in a contract, to authorize a court of equity to decree specific performance, see *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410). The language above quoted is less definite than the language that was under consideration in *Crawford* v. *Williford,* supra, which was held to be insufficient; and also less definite than the language under consideration in *McIntosh* v. *Roane,* 148 *Ga.* 273 (96 S. E. 387) ; *Lewis* v. *Trimble,* 151 *Ga.* 97 (106 S. E. 101), in which cases it was held that the description given was sufficient, as it could be applied to the subject of contract by the aid of extrinsic evidence.

Appeal and Error 4 C. J. p. 944, n. 84.
Specific Performance 36 Cyc. p. 596, n. 5, 6; p. 775, n. 60.

2. The language above quoted is an essential and inseparable part of the contract, and should be definite and certain. 5 Pomeroy's Equity Jurisprudence (2d ed.), 4919, 4920, § 2189 (4); Moore *v.* Galupo, 65 N. J. Eq. 194 (55 Atl. 628). Such part of the contract being void for uncertainty, the contract was insufficient to authorize a court of equity to decree specific performance.

3. In a suit for specific performance of the contract just referred to, the petition was not amendable by alleging as follows: "At the time of the execution of said agreement there was outstanding on the property described in paragraph 3 of said petition a loan of ninety-five hundred ($9500.00) dollars, and it was the only loan on said property at said time. Said loan originally, at the time of the making thereof, was in the principal sum of ten thousand ($10,000.00), dollars but at the time of said agreement had been reduced to ninety-five hundred ($9500.00) dollars. Said loan was placed on said property on June 7, 1922, by C. W. Lane, the then owner of said property, in favor of the Provident Life and Trust Company of Philadelphia, in said sum of ten thousand ($10,000.00) dollars payable five hundred ($500.00) dollars annually on the 7th day of June of the years 1923, 1924, 1925, and 1926, and eight thousand ($8000.00) dollars on June 7, 1927; said loan bearing interest from its date at the rate of 6-1/2% per annum, payable on the 7th day of June and December of each year; the principal and interest notes bearing interest after maturity or after default at the rate of '8% per annum, payable semi-annually. Said loan is secured by a security deed from said C. W. Lane to said the Provident Life and Trust Company of Philadelphia, dated June 7, 1922, and recorded June 13, 1922, in deed book 148, page 22, of the deed records of DeKalb County, Ga. Said C. W. Lane conveyed said property to the defendant D. J. Griffin, by warranty deed, dated April 18, 1923, and recorded April 30, 1923, in deed book 160, page 224, of the deed records of DeKalb County, Ga., in which conveyance said property was conveyed subject to said loan. This said loan of ninety-five hundred ($9500.00) dollars is the loan referred to in said agreement between plaintiff and said D. J. Griffin."

4. The judge erred in allowing the amendment to the petition, and in overruling the general demurrer interposed by the defendant.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*

ON REHEARING.

A rehearing was ordered in this case; and upon reconsideration the former judgment of reversal is adhered to.

No. 4779. FEBRUARY 11, 1926. ADHERED TO ON REHEARING, FEBRUARY 24, 1926.

Equitable petition. Before Judge Bell. Fulton superior court. February 11, 1925.

*Oscar J. Coogler, McDaniel & Neely,* and *Alfred C. Broom,* for plaintiffs in error.

*George P. Whitman* and *Underwood, Pomeroy & Haas,* contra.