## 18407. SOUTHEASTERN REALTY COMPANY v. GRIFFIN.

JENKINS, P. J. A contract signed by the purported vendor and vendee of certain real estate, by which the vendor agreed to sell described property to the vendee for a named price, so much to be paid in cash and the balance in "monthly notes," the time of maturity of which was undisclosed, and which contract provided that the cash payment was to be derived from the proceeds of a loan to be thereafter placed upon the property by the vendor, but did not state the terms and conditions of the loan, or from whom it was to be obtained, or the length of time for which it was to run, and which did not provide for its assumption by the vendee, was too vague and indefinite to be enforced as a sale agreement, and consequently a stipulation therein that a named agent should receive a named commission for effecting the agreement was a mere naked promise, unsupported by any valid consideration, and was unenforceable. *Trust Company of Ga.* v. *Neal,* 161 *Ga.* 965 (132 S. E. 385); *Crawford* v. *Williford,* 145 *Ga.* 550 (89 S. E. 488); *Georgia Iron & Coal Co.* v. *Rogers,* 12 *Ga. App.* 429 (77 S. E. 213). If the contract had provided for the assumption of a then-existing loan identified by the agreement, the rule might be different, since such a reference might furnish a key by which the provisions of the outstanding contract could be ascertained with certainty without resort to parol evidence. *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653); *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300); *Rowland* v. *Kraft,* 31 *Ga. App.* 593, 596 (121 S. E. 526). In a suit by the broker for commissions, it was not error for the judge of the municipal court to reject the contract sued on, when it was tendered in evi-

dence, and to direct a verdict in favor of the defendant; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 22, 1928.

*H. F. Sharp, Roy S. Drennan,* for plaintiff.
*Hooper & Hooper,* for defendant.