19450. AYCOCK REALTY COMPANY *v.* BROWN.

DECIDED MAY 14, 1929.

*Mitchell & Mitchell,* for plaintiff.

*Frank T. Grizzard, H. F. Sharp,* for defendant.

BLOODWORTH, J. C. G. Aycock Realty Company brought suit in the municipal court of Atlanta against J. B. Brown to recover $300 commissions. These commissions were alleged to be due because of a contract to exchange real estate, the petition alleging that "the said J. B. Brown agreed to sell Mrs. Julia B. Russell two certain parcels of land in the city of Atlanta, Georgia, through C. G. Aycock Realty Company, and to pay said C. G. Aycock Realty Company a commission of $300 for making the sale." The defendant Brown demurred to the petition, on the ground that the contract sued on was too indefinite in several particulars and was not a binding and legal contract. The trial court sustained the demurrer, and Aycock Company appealed the case to the appellate division of the municipal court, which affirmed the trial judge, and Aycock Company carried the case by certiorari to the superior court. The judge of the superior court overruled the certiorari and sustained the judgment of the lower court, and Aycock Company then brought the case to this court by bill of exceptions assigning error on the overruling of his certiorari.

The contract which is the basis of the suit is as follows: "State of Georgia, County of Fulton. Atlanta, Ga., Feb. 7, 1928. The undersigned hereby agrees to exchange through C. G. Aycock Realty Co., agent, the following described property, to wit: all that tract or parcel of land lying and being in the City of Atlanta, Fulton County, Georgia, same being a eight unit apartment known as 264 N. Moreland Ave. as shown for the sum of thirty thousand ($30,-000.00) dollars to be paid as follows: Assumes a loan of $18,-000.00 bearing 6% reducible $500.00 in 1929 and will give my property known as two houses and lots Nos. 861 and 865 Norcross Street subject to $4000.00 loan bearing 7% interest, and will give $6000.00 payable $80.00 per month secured by loan deed on above apartment

bearing 7% interest. It is agreed that the vendor shall furnish good and marketable title to said property and purchaser shall have a reasonable time in which to investigate same. In the event the title is objected to, the vendor shall be furnished with a written statement of all objections and be allowed a reasonable time thereafter in which to furnish a valid title. It is agreed that such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by the parties at interest as soon as the validity of the title to said property has been established. Special Stipulations. Taxes for 1928 to be paid as fixed by law insurance. Interest and rents to be prorated at date of closing. This proposition is open for acceptance until the end of the——day of————, 19— J. B. Brown. The above proposition is hereby accepted, this the——day of————, 19— Mrs. Julia B. Russell."

The first ground of Brown's demurrer is general and alleges that "no cause of action is set out;" and the second ground of demurrer alleges that the $18,000 loan referred to in the contract is not described with sufficient certainty. Obviously the contract is too ambiguous and indefinite to be capable of enforcement. Certain amendments to the petition were offered, but these were not amendments to the contract; and since the contract is the basis of the action, plaintiff's case must stand or fall according to the validity of this contract. In the first place it is uncertain as to which piece of property Brown was to sell. The contract is in the form of a written proposition by Brown and an acceptance by Mrs. Russell. It states that "The undersigned hereby agrees to exchange . . the following described property, to wit: all that tract or parcel of land lying and being in the City of Atlanta, Fulton county, Georgia, same being a eight unit apartment know as 264 N. Moreland Ave. . ." Since the proposition was made by Brown and he was "the undersigned" first signing, the above-quoted language would indicate that he was the party selling the apartment; and yet other portions of the record show that Mrs. Russell was selling the apartment. The contract speaks of "the vendor," but since the contract provides for an exchange of property, both parties are selling, and neither party is specifically designated as the vendor, and the contract does not name the owners of the properties in question, and the obligations alleged to be assumed are somewhat indefinite.

Again, the description of each of the three properties named in the contract is indefinite. While it is not necessary to describe the property in a sale contract with the same degree of particularity as in a deed, yet in the instant contract neither the dimensions of the properties, the boundaries, nor the directions that the properties face are given. See *Young* v. *Flournoy,* 139 *Ga.* 634 (77 S. E. 807).

Again, the contract does not show how long Brown's proposition was open for acceptance, nor does it show when Mrs. Russell accepted it; the day, year, and month of each being left blank.

Again the contract refers to certain loans neither of which is definitely described. The contract contains the following: "Assumes a loan of $18000.00 bearing 6% reducible $500.00 in 1929." The contract does not show who assumes the loan, what company or person has the loan, what time in 1929 the $500 is reducible, when the remaining portion of .the principal is due or payable, nor when the interest is due. In the case of *Trust Company of Georgia* v. *Neal,* 161 *Ga.* 965 (3, 4) (132 S. E. 385) it was held that an amendment seeking to describe more definitely a loan mentioned in a sale contract was not allowable; but even though such an amendment was allowed in the instant case, it merely amended the petition and did not amend the alleged contract for sale as executed by the parties which is the basis of the action and without which the action can not stand. In the *Neal* case, supra, the first paragraph of the decision is in part as follows: "A paper provided: 'The undersigned hereby agrees to purchase . . the following described property, to wit: [then follows a description of particular realty] for the sum of twenty-seven thousand, five hundred dollars ($27,500.00) to be paid as follows: Assumption of loan $9500.00, cash $7000.00, and the balance represented by [then follows a description of other realty]. [Signed] L. G. Neal. The above proposition is hereby accepted . . [Signed] D. J. Griffin.' *Held,* that the language, 'assumption of loan $9500.00,' construed in connection with its context, is too indefinite to identify any particular loan." And in paragraph 2 of the decision it is ruled that the language quoted above is an essential and inseparable part of the contract and should be definite and certain, and, failing to be so, the contract could not be enforced. There is a marked similarity between the contract in the *Neal* case and the contract in the in-

stant case; but the contract in the instant case is even less definite than that in the *Neal* case, because the contract in the instant case is indefinite both as to the description of the property and the description of the loan, while the indefiniteness in the *Neal* contract is as to the loan only. In the case of *Crawford* v. *Williford,* 145 *Ga.* 550 (89 S. E. 488), the Supreme Court said: "While the amount of the cash payment under the stipulations of this paragraph is a definite, certain amount, the terms of the payment of the balance of the purchase-price are indefinite and uncertain, because it is not stated whether notes are to be given for the balance; and if it be assumed that notes were to be given, then the amounts of the same and the date upon which they were to be paid are left uncertain. For these reasons the contract is invalid and unenforceable, and the refusal of the owner of the property to sell under the terms of the contract contained in the paragraph now under consideration gives no right of action." In the instant case the assumption of the loan is a part of the consideration, and the date upon which it is to be paid is left uncertain. In the case of *Rogers Realty & Trust Co.* v. *Dennett,* 37 *Ga. App.* 591 (141 S. E. 88), this court held: "Where the consideration of an agreement of the defendant to buy, through the plaintiff, agent for a named owner, party of the first part, a designated lot of land on Ponce de Leon Avenue, was stated as 'the sum of $20,000.00, to be paid as follows: Assume first loan of $10,000.00 at 6 per cent interest, and $5750 in monthly notes of $100 each, and an equity of $4250 in brick bungalow known as 130 Melrose Drive . . Party of the first part agrees to assume $3250 first loan against 130 Melrose Drive; sale price of Melrose property $7500,' the consideration for the Ponce de Leon property was not set out with sufficient certainty to sustain an action to recover commission alleged to be due the plaintiff under the contract." In the case of *Southeastern Realty Co.* v. *Griffin,* 38 *Ga. App.* 220 (143 S. E. 435), it was held: "A contract signed by the purported vendor and vendee of certain real estate, by which the vendor agreed to sell described property to the vendee for a named price, so much to be paid in cash and the balance in 'monthly notes,' the time of maturity of which was undisclosed, and which contract provided that the cash payment was to be derived from the proceeds of a loan to be thereafter placed upon the property by the vendor, but did not state the terms

and conditions of the loan, or from whom it was to be obtained, or the length of time for which it was to run, and which did not provide for its assumption by the vendee, was too vague and indefinite to be enforced as a sale agreement, and consequently a stipulation therein that a named agent should receive a named commission for effecting the agreement was a mere naked promise, unsupported by any valid consideration, and was unenforceable. . . In a suit by the broker for commissions, it was not error for the judge of the municipal court to reject the contract sued on, when it was tendered in evidence, and to direct a verdict in favor of the defendant; and the judge of the superior court did not err in overruling the certiorari." It will be noted that this court does not hold that if the loan had already been placed, a different ruling would result. The court held that "if the contract had provided for the assumption of a then-existing loan *identified* by the agreement, the rule *might* be different, since such a reference *might* furnish a key by which the provisions of the outstanding contract could be ascertained with certainty without resort to parol evidence." (Italics ours). The loan in the case now under consideration was not sufficiently identified in the contract, and did not furnish a key by which the provisions could be ascertained. Furthermore, the loan in the *Dennett* case, 37 *Ga. App.* 591, and in the *Neal* case, 161 *Ga.* 965 (supra), were in existence and were assumed; and yet those contracts were held to be too indefinite and therefore unenforceable. A comparison of the contract in the instant case with the contracts in the *Dennett, Griffin,* and *Neal* cases, supra, will show that each of them is as definite as the contract now under consideration, and the contracts in those cases were held to be too indefinite for enforcement.

In *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653), relied upon by the plaintiff in error, the description of the loan referred to in the contract is much more definite than the description of the loan referred to in the contract in the instant case. In the *Massell* case the contract specified that the purchaser agrees to "assume loan of $900 now outstanding *against the property purchased.*" In the instant case the purchaser merely "assumes *a* loan of $1800," and it is not specified that the loan assumed is against the property purchased or what property it is against, and consequently it does not furnish a key of identification. In the *Massell*

case the contract states that the loan "matures in about eighteen months and can be taken up at any time prior to maturity by paying interest to date." In the instant case the contract does not show when the loan matures or when the interest thereon may be paid. In the case of *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300), the description of the property and of the consideration to be paid therefor is much more definite than the description of the property and consideration in the instant case.

In the instant case the indefiniteness is not only as to the loan but as to other phases of the contract. The contract for the exchange of realty consisting of a proposition and acceptance, being indefinite as to the respective owners of the properties, and the description of the properties being vague and indefinite, and no time limit for acceptance being specified, and the time of acceptance not being shown, and the contract providing for the assumption of a loan of $18000 bearing 6%, reducible $500 in 1929, and not specifying what property the loan was against, and not showing to whom the loan was due, or what time in 1929 the $500 would be payable, or when the remaining portion of the loan would be due or payable, or when the interest would be due, was too indefinite to sustain an action brought by a real-estate broker to recover commissions; and the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*