## BAKER *v.* LILIENTHAL *et al.*

No. 9384.  MARCH 18, 1933.  REHEARING DENIED APRIL 15, 1933.

804

*Carl T. Hudgins* and *Ezra E. Phillips*, for plaintiff.

*Harold Hirsch, Marion Smith, Welborn B. Cody, Tidwell & Brown,* and *Julian F. Joselove,* for defendants.

GILBERT, J. 1. A contract for sale of real estate is valid and binding where it is in writing and contains the following essentials: (1) it must specify the parties, that is, the seller and the buyer; (2) it must sufficiently describe the subject-matter of the contract; and (3) it must name the consideration. The consideration need not be expressly stated, if the contract furnishes the key by which the amount of the purchase-price can be ascertained. "If the consideration is not all to be paid in cash, then the times and amounts of deferred payments must be specified. When the contract expressly states the amount of purchase-money or furnishes a key by which it can be ascertained, then the contract is sufficient. *Muller* v. *Cooper,* 165 *Ga.* 439, 441 (141 S. E. 300), and cit. The contract agreed to and executed by the parties contained the following, which constitutes the subject-matter with which the parties were dealing:

"The undersigned agrees to purchase through J. H. Ewing & Sons Realty & Loan Co., Agent, the following described property, to wit:" (giving the description quoted in the foregoing statement of facts.) The contract was signed by L. B. Lilienthal, Purchaser, and by the vendor, as follows: "The above proposition is hereby accepted, this 25th day of November, 1931. Mrs. Bessie H. Baker, Seller." If this constituted the entire contract, it would be complete and binding upon the parties, under the authority cited above. Indeed, we do not mean to suggest that the contrary of this proposition is asserted by the defendant. But the above does not constitute the entire contract; and it remains to be decided whether ad-

ditional portions of the contract will have the effect of rendering nugatory the portion above quoted. Immediately following and connecting with the portion quoted above are the following words: "to be paid as follows: Subject to loan of The Fidelity Mutual Life Insurance Co., reducible $1,000 annually, bearing interest at 6% payable semi-annually, $37,000. Free of all other loans." We think it is obvious that this provision does not cause the contract to become unenforceable for any reason urged. The contract is certain (1) as to the parties, (2) the gross consideration, and (3) the description of the property which was subject to the sale. It names a definite sum as consideration, to wit, $65,000. It further provides how that sum is to be paid; and the criticism is of that provision of the contract. The intention of the parties may be shown and the manner of payment made certain by resort to parol evidence. However, that portion of the contract with respect to the loan of the Fidelity Mutual Insurance Company is not vague or indefinite. The intention of the parties is plain. *Muller* v. *Cooper*, supra.

2. Immediately following the quotation next preceding, the contract contains the following provision: "Give warranty deed to the following pieces of property, lots Nos. 8 & 9, Block 3, Byron Drive: Lots 1, 2, 3, 4, 5, 6, 7, 8, Block 11, Sylvan Road; Lots 10 and 51, Block 3; Lots 19-B, Block 5; Lot 45, Block 3; all in Sylvan Hills —14 lots—$2000." This provision must be construed in connection with the caption of the contract, which is "Georgia, Fulton County." The caption also indicates that the contract was executed in the office of "J. H. Ewing & Sons Real Estate & Loan Co., 79 North Forsyth Street, N. W. Atlanta, Ga. Nov. 25, 1931." A proper construction of this provision, therefore, would be that these lots are to be found in Fulton County, Georgia, that they are on what is known as "Byron Drive" and "Sylvan Road," "all in Sylvan Hills," and that the fourteen lots mentioned are to be given a valuation of $2,000; that is, that these lots are to be accepted in lieu of cash to the amount of $2,000, in paying the gross consideration of $65,000. Thus construed, this provision does not render the contract unenforceable. *Jennings* v. *Williams*, 167 *Ga.* 615 (2), 617 (146 S. E. 452).

3. It is also urged that the contract is too uncertain to be enforced, because of the following provision: "This contract is signed

subject to being able to secure above referred to loan of $37,000, reducible $1,000 annually, loan to bear 6% interest, payable semiannually."

The defendants contend that it can not be ascertained from this provision whether the vendor or the vendee was obligated to secure the loan just mentioned. If there is uncertainty in that respect, "the intention of the parties may be shown and the manner of payment made certain by resort to parol evidence." *Muller* v. *Cooper*, supra.

4. We have examined all of the authorities cited in the briefs on both sides. We readily admit that in cases of this kind, where each depends on a specified contract, and where the cases are used as authority merely because of principles announced, the shade of difference between them is sometimes exceedingly close. Numbers of them are not unanimous decisions, and are not controlling. The decision in *Trust Co.* v. *Neal*, 161 *Ga.* 965 (132 S. E. 385), does not conflict in any way with the present case. The point there ruled was that the reference in the contract to a loan was too indefinite. It merely said: "The undersigned hereby agrees to purchase" described property "for the sum of twenty-seven thousand five hundred dollars ($27,500.00) to be paid as follows: Assumption of loan $9500.00, cash $7000.00, and the balance represented by" (then followed a description of other realty). It did not say to whom the loan was payable, nor did it state the rate of interest it bore, or whether there were other loans, or any other particulars by which the loan of $9500 was made sufficiently definite. In the present case the loan is sufficiently particularized, as already shown. From an examination of all the decisions cited the conclusion is reached that the contract was binding between the parties, that the petition set out a cause of action, and the court erred in sustaining the demurrer.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*