## STURDIVANT *v.* WALKER *et al.*

JENKINS, Chief Justice. 1. "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." Code, § 96-101.

2. While that is certain which can be made certain, still the basis for rendering certain that which by the terms of the contract is uncertain must be afforded by the agreement. *Friedlander* v. *Schloss Bros. & Co.*, 43 *Ga. App.* 646 (3) (159 S. E. 870).

3. Actual possession by the purchaser of the property which was the subject-matter of the sale in the writing here under consideration was sufficient to meet the requirement as to an identification of the thing sold. Particularly is this true on general demurrer, where the defendant admitted that the property specifically described in the petition was the property which was the subject-matter of the writing sued on. See *Blumberg* v. *Nathan*, 190 *Ga.* 64, 67 (8 S. E. 2d, 374).

4. In the instant case, the subject-matter of the writing being sufficiently certain, the only remaining question is, can the consideration of the sale be determined from the terms of the written agreement? In an action for specific performance of a contract to convey realty, the consideration must either be expressly stated by the writing itself or it must furnish a key by which the amount of the purchase-price can be ascertained. *Muller* v. *Cooper*, 165 *Ga.* 439 (141 S. E. 300). If its ascertainment becomes impossible, there is no sale. Code, § 96-104. Such a key cannot, however, afford a basis to add by parol an essential element to the validity of a contract, or to contradict in anywise the terms of the written agreement. *Massell Realty Co.* v. *Hanbury*, 165 *Ga.* 534, 546 (141 S. E. 653).

5. If the terms of the written agreement show a moneyed consideration plus the assumption of mortgages or other encumbrances which are properly identified in the agreement, the amount of the purchase-price can be ascertained by reference to such encumbrances, and the contract is capable of enforcement by specific performance. *Massell Realty Co.* v. *Hanbury*, 165 *Ga.* 534, 546, supra.

6. Applying the foregoing rules to the writing in the instant case, the consideration is expressed as being $150 plus the assumption by the purchaser of the payment of two mortgages outstanding against the property. As to the first mortgage, there appears to be an inaccuracy as to the name of the first mortgagee, in that the sales agreement indicates such mortgage to be held by Jefferson Mortgage Company, whereas the petition itself shows that this mortgage was in fact held by Investors Syndicate, of which Jefferson Mortgage Company is merely the agent, and it is not made to appear that the mortgage itself in anywise discloses such agency. It is unnecessary to adjudicate whether such a discrepancy can be explained by parol, and the amount of the first mortgage, referred to in the sales agreement, be thereby made ascertainable. This is true for the reason that the remainder of the consideration represented by the second mortgage is wholly unascertainable either from the terms of the writing or by any key afforded by the writing. The writing states that the purchaser is to assume the payment of a

second mortgage *made in favor* of Newbold Development Company. The petition seeks to contradict this term of the agreement by showing that the purpose and intent of the agreement was that the plaintiff purchaser was to assume a pro rata portion of a blanket mortgage made not to, but by, Newbold Development Company, by which it conveyed various parcels of land to unnamed creditors to secure payment for materials furnished. . It will be seen, therefore, that the parol evidence necessary to properly identify the second mortgage which the purchaser was to assume would necessarily have the effect of actually contradicting the terms of the writing, and this the purchaser, relying on the agreement as written, cannot be permitted to do.

It follows; therefore, that since the reference to the second mortgage does not furnish a key by which the amount of the loan, and therefore the amount of the consideration, can be ascertained, the trial court did not err in sustaining the demurrers to the petition, attacking the writing as being too vague and uncertain in this respect to constitute a valid written contract such as could be enforced by a decree of specific performance.

7. It is unnecessary to pass upon the question as to whether or not the allegations of the petition are sufficient to state a separate cause of action under the Code, § 37-802, providing for specific performance of a *parol* contract as to land where there has been partial payment accompanied with possession. This is true for the reason that the action here is for specific performance under a stated written agreement to convey land; and in the absence of a separate count setting up the terms of any valid parol agreement and praying for specific performance thereof, no such question is presented by the pleadings.

*Judgment affirmed. All the Justices concur.*

No. 15881. JULY 10, 1947.. REHEARING DENIED JULY 22, 1947.

*G. S. Peck,* for plaintiff.
*Grover Middlebrooks* and *William H. Mewbourne,* for defendants.