### 32123. STANALAND *v.* STEPHENS.

MacIntyre, P. J. 1. The alleged executory contract for the sale of land here in issue indicated the vendor's intention to sell all that tract of land "in Clayton Co., Ga., being improved property with a 2 story dwelling; beginning at a point at the intersection of Dixie Hwy. and Forrest Park Rd., and known as Land Lot 52 of 13 Dist., being approx. 6½ acres and approx. 540 ft. Hiway frontage." This description shows that the land which was the subject of the contract was on one of the corners at the intersection of the Dixie Highway and Forrest Park Road, but it does not show upon which of such corners the land was located. "If there is an ambiguity, latent or patent, it may be explained. [Code of 1933, § 20-704 (1)] . . 'Where the description applies equally to several

tracts, a latent ambiguity results, which may be explained by showing which one of the several tracts was claimed by the grantor.'" *Petretes* v. *Atlanta Loan &c. Co.*, 161 *Ga.* 468, 473 (131 S. E. 510). The subject matter of the instant contract was not only identified as being all the interest, claimed by the grantor, in that tract of land in land lot 52 of the 13th District in Clayton County, Georgia, on the corner of the Dixie Highway and Forrest Park Road, but it was further identified as being a lot containing approximately six and one-half acres and fronting approximately 540 feet on the Dixie Highway and having a two-story dwelling house thereon. While this description furnished a poor description of the property which formed the subject matter of the contract, it was not, on its face, so vague and indefinite as to be incapable of being explained and applied by extrinsic evidence to the property at that location which the signer of the agreement claimed. *Pearson* v. *Horne*, 139 *Ga.* 453 (1, 3) (77 S. E. 387); *King* v. *Brice*, 145 *Ga.* 67 (88 S. E. 960); *Crawford* v. *Verner*, 122 *Ga.* 814, 816 (50 S. E. 958); *Andrews* v. *Murphy*, 12 *Ga.* 431, 433; *Carter* v. *Ray*, 70 *Ga. App.* 419, 423 (28 S. E. 2d, 361).

2. A written contract for the sale of designated realty for a consideration of $28,500 to be paid "$14,000.00 Cash; .14,500.00 to be financed," and containing no further enumeration of the terms of payment, is uninforceable for indefiniteness and uncertainty and will not form the basis of an action by the vendor against the purchaser for damages for the breach thereof. *Crawford* v. *Williford*, 145 *Ga.* 550 (89 S. E. 488); *Trust Co. of Georgia* v. *Neal*, 161 *Ga.* 965 (1) (132 S. E. 385). See also *Lightfoot* v. *King*, 25 *Ga. App.* 80 (102 S. E. 468); *Southeastern Realty Co.* v. *Griffin*, 38 *Ga. App.* 220 (143 S. E. 435); *Aycock Realty Co.* v. *Brown*, 39 *Ga. App.* 649 (148 S. E. 291); *Brown* v. *White*, 73 *Ga. App.* 524 (37 S. E. 2d, 213); *Woodall* v. *Williams*, 176 *Ga.* 343, 347 (167 S. E. 886); and cases cited.

3. A proffered amendment to the petition alleging that "simultaneously with the execution of said written contract, as an inducement to the execution thereof and as additional and further consideration therefor, plaintiff and defendant entered into a distinct, independent collateral oral agreement, and had a definite and mutual understanding between themselves with respect to the manner in which the $14,500 balance on the purchase-price for said property was to be financed," and setting out the terms of the oral agreement, does not supply the deficiency in the cause of action alleged; because a contract for the sale of land, which is partly in writing and partly in parol, is not enforceable, by reason of the statute of frauds. Code, § 20-401 (4); *Lester* v. *Heidt*, 86 *Ga.* 226 (12 S. E. 214, 10 L. R. A. 108); *Thompson* v. *Colonial Trust Co.*, 35 *Ga. App.* 12 (131 S. E. 921); *Trust Co. of Georgia* v. *Neal*, 161 *Ga.* 965, 966 (3) (132 S. E. 385).

(*a*) The facts of this case differentiate it from the cases of *Indiana Truck Corp.* v. *Glock*, 46 *Ga. App.* 519 (168 S. E. 124), and *Neuhoff* v. *Swift & Co.*, 54 *Ga. App.* 651 (188 S. E. 831), cited by the plaintiff in error in support of the contrary proposition. *Stonecypher* v. *Georgia Power Co.*, 183 *Ga.* 498, 502 (189 S. E. 13). The alleged contemporaneous oral agreement in the instant case constitutes a part of the same contract and

is not a separate contract within the rule of the cases cited by plaintiff in error.

4. The trial court did not err in sustaining the general demurrer to the petition and did not err in refusing to allow the proffered amendment.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED NOVEMBER 18, 1948.

*J. Ralph McClelland Jr.,* for plaintiff.
*Harold Sheats,* for defendant.