### NICKELSON *v.* OWENBY.

Wyatt, Justice. Roy S. Owenby filed his suit against Chester P. Nickelson, seeking specific performance of an alleged contract for the sale of described real estate. The petition was demurred to on two grounds. The first was that the contract was so indefinite that specific performance could not as a matter of law be decreed; and the second, that the petition failed to allege a tender of the amount due under the terms of the alleged contract. The trial judge overruled the demurrer. The exception is to that judgment. *Held*:

1. The contract under consideration provided: "The purchase price of said property shall be seven thousand five hundred & no/100 (7500.00) dollars to be paid as follows: Cash above loan of approximately $5500.00 (payable $57.50 per month including insurance and taxes)". This language, it is contended, does not sufficiently describe the consideration to be paid and how and to whom it is to be paid. On the last page of the contract appeared several "Special Stipulations," one of which reads as follows: "Purchaser to pay closing costs in connection with transfer of loan in the amount of $50.00 which brings title up to date from original loan." The language above quoted as contained in the contract could have but one meaning: that the consideration was $7500, that a loan against the property of approximately $5500, payable $57.50 per month, was to be assumed by the purchaser, and the balance was to be paid in cash. Thus construed—and it appears to us that this is the only construction of which the language used is capable—the contract meets all the requirements of the law as a basis for a suit for specific performance. See *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300); *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653); *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21); *Carroll* v. *Jones,* 206 *Ga.* 332 (57 S. E. 2d, 173). The cases of *Trust Company of Georgia* v. *Neal,* 161 *Ga.* 965 (132 S. E. 385), *Erwin* v. *Hardin,* 187 *Ga.* 275 (200 S. E. 159), *O'Rear* v. *Lamb,* 194 *Ga.* 455 (22 S. E. 2d, 74), and *Stanaland* v. *Stephens,* 78 *Ga. App.* 69 (50 S. E. 2d, 258), cited and relied upon by the plaintiff in error, are clearly distinguishable on their facts from the instant case.

2. The petition alleges: "The defendant . . utterly refused to carry out their contract of sale for the subject realty stating that he would not sell at the price stipulated in said contract." Admitting the allegations to be true, which must be done on demurrer, no tender was necessary. "A tender is not required where the party to whom the offer is made states that the tender would be refused if made." *Groover* v. *Brandon,* 200 *Ga.* 153 (36 S. E. 2d, 84). We construe the statement of the defendant, that "he would not sell at the price stipulated in said contract," to be the equivalent of a statement that the tender would

be refused if made. It follows from what has been said above, the judgment of the court below was not error.

*Judgment affirmed. All the Justices concur.*

No. 17541. ARGUED JULY 10, 1951—DECIDED SEPTEMBER 10, 1951—REHEARING DENIED OCTOBER 11, 1951.

*Rex T. Reeves* and *Mitchell & Mitchell,* for plaintiff in error.

*George Carroll, Douglas, Evans & Cole,* and *Scott Hogg,* contra.