438

FELTON, C. J. 1. A real-estate contract for the sale of property which provides, "The purchase price of said property shall be: Fourteen thousand and no/100 dollars, $14,000.00, to be paid as follows: Buyer to secure $10,000 loan, Balance of $4,000 cash," is too indefinite to be enforceable and the vendee thereunder may elect not to perform under the contract and recover the earnest money paid under the purported contract to the agent of the vendor. *Erwin* v. *Hardin*, 187 *Ga.* 275 (200 S. E. 159); *Reid* v. *Hemphill*, 82 *Ga. App.* 391, 395 (2) (61 S. E. 2d 201); *Trust Company of Georgia* v. *Neal*, 161 *Ga.* 965 (1,2) (132 S. E. 385); *Stanaland* v. *Stephens*, 78 *Ga. App.* 68, 69 (2) (50 S. E. 2d 258); *Brown* v. *White*, 73 *Ga. App.* 524 (37 S. E. 2d 213); *Southeastern Realty Co.* v. *Griffin*, 38 *Ga. App.* 220 (143 S. E. 435); *Lightfoot* v. *King*, 25 *Ga. App.* 80 (102 S. E. 468).

2. The cases of *Gray & Co.* v. *McDaniel*, 73 *Ga.* 118 and *McDaniel* v. *Gray & Co.*, 69 *Ga.* 433 are not applicable to the instant case as they deal with instances where the vendee defaults on an enforceable contract.

3. The payment of the earnest money under the purported contract was not a voluntary payment under Code § 20-1007. See *Cloud* v. *Bagwell*, 83 *Ga. App.* 769, 773 (64 S. E. 2d 921).

The court did not err in denying the motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED JULY 15, 1954.

*J. Ralph McClelland, Jr., John Westmoreland, John Westmoreland, Jr.,* for plaintiff in error.

*Samuel L. Eplan,* contra.