35750, 35755. SCARBOROUGH *v.* NOVAK; and *vice versa.*

DECIDED JULY 12, 1955.

*McCord & Cooper,* for plaintiff in error.
*Parks & Eisenberg,* contra.

GARDNER, P. J. As the petition and answer stood after sustaining the demurrers, the answer admitted the factual transaction set out in the petition—that is, that the broker obtained the $1,000 sought to be recovered by the plaintiff, who was the purchaser in the contract of sale; that the subject matter of the contract was 428-450 McDonough Blvd., S. E., Atlanta; that the contract contained the provision that the $1,000 earnest money was to be applied by the broker to commissions "at the consummation of this sale"; that the sale was not consummated; that the contract also contained a provision "buyer making this offer subject to getting a $40,000 loan"; and that the buyer did not procure that loan.

This contract is not valid and enforceable and creates no rights between the parties for the reason that it is contingent upon the obtaining of a loan not in fact obtained, and also because the terms and conditions of the loan to be obtained are not specific enough to be enforceable. *F & C Investment Co.* v. *Jones,* 210 *Ga.* 635 (81 S. E. 2d 828); *Wehunt* v. *Pritchett,* 208 *Ga.* 441 (67 S. E. 2d 233); *Stanaland* v. *Stephens,* 78 *Ga. App.* 68 (50 S. E.

2d 258); *Williams* v. *Gottlieb*, 90 *Ga. App.* 438 (83 S. E. 2d 248); *Teague* v. *Adair Realty & Loan Co.*, ante, p. 463.

For the reason that no valid and enforceable contract between the parties existed, the trial court did not err in sustaining demurrers to the allegations of both petition and answer which either sought to predicate a cause of action upon, or to defend against a cause of action upon the theory that there was any enforceable contract between the parties. After the demurrers were sustained the petition was left with factual allegations sufficient to show that the broker had $1,000 of the plaintiff's money, obtained in the manner above described, which he was not in equity and good conscience entitled to retain. Accordingly, the petition set out a cause of action for money had and received. *Scottish Union & National Ins. Co.* v. *Peoples Credit Clothing Co.*, 64 *Ga. App.* 147 (12 S. E. 2d 474). The answer, although it denied that the defendant was indebted to the plaintiff in any amount, did as above noted admit the factual situation under which the plaintiff was entitled to recover for money had and received. Accordingly, no valid defense to the cause of action is set out in the answer, after elimination of the non-sustainable defense predicated upon the contract which was itself void. Since no defense is set out, it was not error for the trial court to treat the answer as stricken and proceed as in cases of default.

The judgment of the trial court overruling the general demurrer and certain of the special demurrers of the defendant is without error. Also the judgment of the trial court striking the answer and proceeding to judgment for the plaintiff as in cases of default is without error.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. Townsend and Carlisle, JJ., concur.*