36661.   BREWER-HEAD COMPANY *v.* JACKSON.

Decided April 30, 1957.

*Albert B. Wallace,* for plaintiff in error.

*Edwin S. Kemp, Thomas F. Nicholson,* contra.

CARLISLE, J. 1. Whether or not a corporation doing business in Clayton County, Georgia, as a real-estate broker is required by the terms of Code (Ann.) § 84-1401 to be duly licensed before selling real estate in that county, upon pain of being unable by virtue of the provisions of Code § 84-1413, to enforce any claim for commissions, it is alleged in the plaintiff corporation's petition as finally amended that it is a duly licensed real-estate broker, and the petition in this case is not subject to general demurrer as coming within the rule announced in *Hale* v. *Chatham,* 91 *Ga. App.* 519 (86 S. E. 2d 536).

2. The only remaining question raised by the general demurrer upon which counsel for the plaintiff and counsel for the defendant are at variance is whether the contract upon which suit is brought is sufficiently definite and certain as to the purchase price to be enforceable.

"A contract for sale of real estate is valid and binding where it is in writing and contains the following essentials: (1) It must specify the parties . . .; (2) it must sufficiently describe the subject matter of the contract; and, (3) it must name the consideration. The consideration need not be expressly stated, if the contract furnishes the key by which the amount of the pur-

chase price can be ascertained. 'If the consideration is not all to be paid in cash, then the times and amounts of deferred payments must be specified. When the contract expressly states the amount of purchase-money or furnishes a key by which it can be ascertained, then the contract is sufficient.' *Muller* v. *Cooper*, 165 *Ga.* 439, 441 (141 S. E. 300), and cit." *Baker* v. *Lilienthal*, 176 *Ga.* 802, 806 (169 S. E. 28).

By the terms of the contract, "the purchase price of said property shall be twelve thousand three and no/100 dollars, $12,300, to be paid as follows: All cash above a (GI) loan in the approximate amount of $8,300. This loan is now being held or serviced by Roy D. Warren Company and is payable $59.40 per month which included taxes and insurance." It is apparent from this provision of the contract that the purchase price itself is certain beyond any doubt. Any uncertainty concerning the purchase price is centered entirely around the assumption of the GI loan. The petition in this case is not subject to general demurrer.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*