### 19876. HAMILTON, Executor, *v.* DANIEL.

Wyatt, Presiding Justice. W. E. Daniel filed his petition against W. Clarence Hamilton as executor, praying for specific performance and damages for the breach of a contract to pur-

chase real estate. A general demurrer to the petition was overruled. The exception here is to that judgment. *Held:*

1. The contract sought to be specifically performed provides as follows: "The purchase price of said property shall be $3,200, to be paid as follows: Assume the existing loan and pay the seller the balance in cash." The question presented is whether or not this language is sufficient as the basis for specific performance. In *Trust Co. of Ga.* v. *Neal,* 161 *Ga.* 965 (1) (132 S. E. 385), where the contract provided for a cash payment and then provided "assumption of loan $9,500" this court said: "*Held,* that the language, 'assumption of loan $9,500,' construed in connection with its context, is too indefinite to identify any particular loan." The same is true of the language here under consideration. There is absolutely nothing in the language of this contract to identify the loan to be assumed. It does not appear to whom the loan is payable, the amount of the loan, when the loan is due, or any other facts to identify the loan, and for that reason, it is not sufficiently definite as the basis for a decree of specific performance. *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300), is not in conflict with the above ruling, for the reason the contract in that case does identify the loan to be assumed. The same is true of the other cases cited and relied on by the defendant in error.

2. With reference to the contention that the loan can be identified by parol evidence, and that there has been a partial performance, the ruling in *Saye* v. *Adams Loan &c. Co.,* 173 *Ga.* 24, 27 (159 S. E. 575), is controlling. There this court said: "We have already had occasion to see that parol agreements, even with part performance, will not be decreed to be specifically executed unless the whole terms of the contract are clear and definitely ascertained. The same rule applies to cases of written contracts. If they are not certain in themselves, so as to enable the court to arrive at the clear result of what all the terms are, they will not be specifically enforced."

3. The petition in the instant case contains alternate prayers for damages. In *Loewus* v. *Eskridge & Downing, Inc.,* 175 *Ga.* 456 (5) (165 S. E. 576), this court said: "In order to entitle one to recover damages in lieu of specific performance, the complainant must prove his right to the latter remedy." That ruling is here controlling. From what has been held above, it

follows that the judgment overruling the general demurrer was error.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957.

*W. Stanford Willis,* for plaintiff in error.
*Jack G. McKay,* contra.