### 36990. COLE *v.* CUTLER.

QUILLIAN, Judge. This is an action for money had and received. The plaintiff's right of recovery depended upon her right to rescind a contract by the terms of which she agreed under certain conditions to buy described realty. She paid $1,100 earnest money to the real-estate broker who negotiated the sale. It was against the real-estate broker that she asserted her right to rescind the contract and recover the earnest money. The seventh paragraph of the petition alleged that she was entitled to rescind the contract because the defendant had failed to obtain a loan for her according to its terms. The contract did not obligate the defendant to obtain the loan. On demurrer the trial court properly struck the paragraph. The judge went further and dismissed the petition. Therein he erred. The plaintiff's right of recovery was not dependent on proof of the allegation that the defendant was, by the terms of the contract, bound to obtain the loan, but on her right to rescind the contract. In this case the contract for the sale of real estate provides that the purchase price of $22,000 is: "To be paid as follows: Purchaser to secure a first loan on said property in the sum of at least $12,500. Purchaser to secure or assume a second loan on said property in

the sum of approximately $5,700 at an interest rate up to 7% per annum, repayable at the rate not less than $50 per month over a period no longer than 8 years. Purchaser to secure or assume third loan in the sum of $1,640 payable at the rate of not less than $40 per month with interest not less than 6%, included in said payment, for a period of not less than 3 years. Balance of the purchase price to be paid in cash at the time of the closing." It has been universally held that such a stipulation is too indefinite to be enforceable, and the vendee may elect to rescind the contract and recover the earnest money paid under the purported contract to the agent of the vendor. *Williams* v. *Gottlieb*, 90 *Ga. App.* 438 (83 S. E. 2d 245); *Erwin* v. *Hardin*, 187 *Ga.* 275 (200 S. E. 159); *Reid* v. *Hemphill*, 82 *Ga. App.* 391, 395 (2) (61 S. E. 2d 201); *Trust Co. of Georgia* v. *Neal*, 161 *Ga.* 965 (1, 2) (132 S. E. 385); *Stanaland* v. *Stephens*, 78 *Ga. App.* 68, 69 (2) (50 S. E. 2d 258); *Brown* v. *White*, 73 *Ga. App.* 524, 528 (37 S. E. 2d 213); *Southeastern Realty Co.* v. *Griffin*, 38 *Ga. App.* 220 (143 S. E. 435); *Lightfoot* v. *King*, 25 *Ga. App.* 80 (102 S. E. 468); *Crawford* v. *Williford*, 145 *Ga.* 550 (89 S. E. 488); *Aycock Realty Co.* v. *Brown*, 39 *Ga. App.* 649 (148 S. E. 291); *Woodall* v. *Williams*, 176 *Ga.* 343, 347 (167 S. E. 886). While the contract is definite as to the second and third loans, no details as to the $12,500 loan are specified.

A recent and controlling case on this subject is *Hamilton* v. *Daniel*, 213 *Ga.* 650 (100 S. E. 2d 730).

Thus it appears that the petition with paragraph seven stricken set forth a cause of action for the rescission of the contract of sale and the recovery of the earnest money paid the defendant.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED JANUARY 21, 1958.

*Robert Carpenter, A. Tate Conyers,* for plaintiff in error.
*Phillips & Johnson,* contra.