20246. MORGAN *v.* HEMPHILL.

ARGUED OCTOBER 16, 1958—DECIDED NOVEMBER 7, 1958.

*Lucio L. Russo, J. Walter LeCraw,* for plaintiff in error.

*David Gershon, Isadore Ruden, R. Monroe Schwartz,* contra.

MOBLEY, Justice. A contract for the sale of real estate is valid and binding if in writing (Code § 20-401 (4)); specifies

the parties, the seller and buyer; identifies the thing sold; and contains an agreement as to the price to be paid. Code § 96-101; *Baker* v. *Lilienthal,* 176 *Ga.* 802, 806 (169 S. E. 28); *Sturdivant* v. *Walker,* 202 *Ga.* 585 (1) (43 S. E. 2d 527). Where the amount of the purchase price fixed by the contract is certain and definite, but the terms of payment are indefinite and uncertain, the writing is not a contract and confers no rights and imposes no liability. *Rush* v. *Autry,* 210 *Ga.* 732, 734 (82 S. E. 2d 866). See *Saye* v. *Adams Loan &c. Co.,* 173 *Ga.* 24 (159 S. E. 575); 49 Am. Jur. 45, § 32.

"If the terms of the written agreement show a moneyed consideration plus the assumption of mortgages or other encumbrances which are properly identified in the agreement, the amount of the purchase-price can be ascertained by reference to such encumbrances, and the contract is capable of enforcement by specific performance." *Sturdivant* v. *Walker,* 202 *Ga.* 585 (5), supra. The test is whether the loan, mortgage or other encumbrance is properly identified.

This court in a recent unanimous opinion (*Hamilton* v. *Daniel,* 213 *Ga.* 650 (1), 100 S. E. 2d 730), where the contract under consideration provided, "The purchase price of said property shall be $3,200, to be paid as follows: Assume the existing loan and pay the seller the balance in cash," held: "There is absolutely nothing in the language of this contract to identify the loan to be assumed. It does not appear to whom the loan is payable, the amount of the loan, when the loan is due, or any other facts to identify the loan, and for that reason, it is not sufficiently definite as the basis for a decree of specific performance." Cited in support thereof was *Trust Co. of Ga.* v. *Neal,* 161 *Ga.* 965 (1) (132 S. E. 385), in which a contract, providing for a cash payment and "assumption of loan of $9,500," was held too indefinite to identify any particular loan. *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300), was held not in conflict since the contract there did identify the loan to be assumed. In *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653), the contract specified the purchase price and recited that the purchaser agreed to " 'assume loan of $900.00 now outstanding against' the property purchased, 'which loan bears eight per cent. interest, which

matures in about eighteen months and can be taken up at any time prior to maturity by paying interest to date.' " The court, in distinguishing *Trust Co. of Ga.* v. *Neal,* 161 *Ga.* 965, supra, said in the *Massell* case (p. 545): "The loan assumed in this case was one of approximately $900, and was one outstanding against the property purchased at the date of the purchase. Furthermore, the loan was described as bearing interest at eight per cent., and was one which could be taken up at any time prior to maturity by paying interest to date. Being a loan outstanding against the property, it necessarily was an encumbrance then upon the property, the exact amount and the exact date of maturity of which could be easily ascertained from the instrument itself which created the encumbrance upon the property sold, or from its record. So the case at bar does not come within the ruling made by the majority in the case cited."

The language of the contract under consideration, "subject to terms of existing loan (which is approx. $30,000)" is equally indefinite, vague, and uncertain as the language, "Assume the existing loan and pay the seller the balance in cash," in *Hamilton* v. *Daniel,* 213 *Ga.* 650 (1), supra, is not sufficient to identify the loan referred to; does not furnish a key by which the loan may be ascertained without resort to parol evidence; and would not support a cause of action for specific performance.

While it has been said that a greater amount or degree of certainty is required in the terms of an agreement which is to be specifically performed in equity than is necessary in a contract which is to be the basis of an action at law for damages (Pomeroy on Specific Performance of Contracts (3d ed.), § 159; Fry on Specific Performance (6th ed.), 179, § 380), it is pointed out in 49 Am. Jur. 39, § 25, that "It may well be doubted, however, whether there has been any practical recognition of any such distinction by the courts." Even so, in this case, the same test as to the definiteness would apply—was the language sufficient to identify the loan without recourse to parol evidence? If not, as in the case here, the writing is lacking in one of the essential elements necessary to make it an enforceable contract. It imposes no obligation, confers no rights, and will not support an action at law. The following decisions of this court and of

the Court of Appeals support this conclusion: *Crawford* v. *Williford*, 145 *Ga.* 550 (89 S. E. 488); *Tippins* v. *Phillips*, 123 *Ga.* 415 (51 S. E. 410); *O'Rear* v. *Lamb*, 194 *Ga.* 455 (22 S. E. 2d 74); *Stanaland* v. *Stephens*, 78 *Ga. App.* 68 (50 S. E. 2d 258); *Lightfoot* v. *King*, 25 *Ga. App.* 80 (102 S. E. 468); *Aycock Realty Co.* v. *Brown*, 39 *Ga. App.* 649 (148 S. E. 291); *Cole* v. *Cutler*, 96 *Ga. App.* 891 (102 S. E. 2d 82); *Southeastern Realty Co.* v. *Griffin*, 38 *Ga. App.* 220 (143 S. E. 435).

*The question is answered in the affirmative. All the Justices concur.*