41392. SCOTT v. LEWIS.

SUBMITTED JULY 7, 1965—DECIDED SEPTEMBER 8, 1965.

*Stanley E. Harris, Jr.* for plaintiff in error.
*Ralph L. Crawford,* contra.

EBERHARDT, Judge. Under both counts of the petition the seller relies on the validity of the contract for a recovery. There is as a condition precedent to its enforceability, a requirement that the buyer be able to obtain a loan, the terms and conditions of which were not sufficiently specific to be enforceable. There was no provision as to interest rate, terms of repayment, etc. *Stanaland v. Stephens,* 78 Ga. App. 68 (50 SE2d 258). If the parties to a transaction do not create binding agreements, the courts are powerless to do it for them, or to afford a remedy for a breach. In all substantial particulars this case is similar to *Scarborough v. Novak,* 92 Ga. App. 488 (88 SE2d 800).

The sustaining of the general demurrer to both counts of the petition was proper.

A different result is not required by *Blanton v. Williams,* 209 Ga. 16 (70 SE2d 461), where the purchaser, seeking specific performance, offered to pay the entire purchase price in cash, thus effecting a waiver of the loan provision in the contract.

The seller incurred the expense of perfecting title to the property, moving his family, etc., relying upon the terms of a contract, as to which he was charged with knowledge of its invalidity, and of which there was no waiver.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*