43413. BRANAN & SCHMITZ REALTY, INC. v. BALLARD.

SUBMITTED FEBRUARY 6, 1968—DECIDED MAY 9, 1968.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch,* for appellant.

*Jones, Bird & Howell, C. Dale Harman,* for appellee.

BELL, Presiding Judge. A contract for the sale of realty must expressly state the consideration or it must furnish a key by which the amount and terms of the purchase price can be ascertained; if the contract furnishes a key to the details of the consideration, that is sufficient. *Muller v. Cooper,* 165 Ga. 439, 442 (141 SE 300). If the terms of the written agreement show a gross consideration including the assumption of an incumbrance which is properly identified in the agreement plus payment of

the balance of the purchase price in cash, the terms of payment can be ascertained by reference to the incumbrance and the contract is thus capable of enforcement. See *Massell Realty Co. v. Hanbury*, 165 Ga. 534, 544 (141 SE 653) ; *Baker v. Lilienthal*, 176 Ga. 802 (169 SE 28) ; *Sturdivant v. Walker*, 202 Ga. 585 (5) (43 SE2d 527). The test is whether the incumbrance is properly identified.

The clause of the contract relative to the amount of purchase money and the manner of payment reads: "Thirty seven thousand and no/100_____dollars ($37,000), to be paid as follows: Purchaser to assume seller's present loan, payable at Peachtree Federal Savings & Loan for approximately $28,800 at 5¾% interest, payable monthly incl. prin. & interest at $194.90. Balance to be paid in cash at closing. . . 2. Closing to be June 15, 1967." This contract names the gross consideration, specifies the assumption of a certain incumbrance, and provides for payment of the balance in cash on closing of the transaction. Identifying the incumbrance, the contract names the payee or collecting agent, who would hold evidence of the incumbrance, and specifies the approximate amount of the principal, the amount of interest and the manner of payment of the balance on the loan. Note that the contract was not conditioned on *procuring* the loan, as in *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828), but clearly refers to one already in existence. And the incumbrance identified is apparently one against the property which is the subject of the contract. *Nickelson v. Owenby,* 208 Ga. 352 (1) (66 SE2d 828). Reference to the incumbrance and mathematical computation would render absolutely certain the amount of cash payable, the number of monthly payments remaining and the dates on which payments would be due. We think it is obvious that this provision does not render the contract unenforceable for any reason argued.

This case comes under the principles followed in *Muller v. Cooper,* 165 Ga. 439, supra; *Massell Realty Co. v. Hanbury,* 165 Ga. 534, supra; *Baker v. Lilienthal,* 176 Ga. 802, supra; and *Nickelson v. Owenby,* 208 Ga. 352, supra. The cases of *Trust Co. of Ga. v. Neal,* 161 Ga. 965 (132 SE 385) ; *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580) ; *Aycock Realty Co. v. Brown,*

39 Ga. App. 649 (148 SE 291); *Dunford v. Townsend,* 100 Ga. App. 550 (112 SE2d 14) and others cited by plaintiff and in the dissenting opinion are clearly distinguishable on their facts from this case. The judgment of the trial court is reversed with direction to the trial judge to enter judgment in accordance with the prayers in defendant's counter claim.

*Judgment reversed with direction. Felton, C. J., Jordan, P. J., Hall, Eberhardt, Pannell, Deen and Whitman, JJ., concur. Quillian, J., dissents.*

QUILLIAN, Judge, dissenting. The function of a contract for the sale of realty is to define precisely the rights to accrue and the obligation assumed by the signatory parties under its provisions. The standard of certainty requires that the language of the contract be sufficiently definite to set forth every essential element of the transaction so that the meaning of the agreement clearly appears without resort to parol evidence (*Morgan v. Hemphill,* 214 Ga. 555, 557 (105 SE2d 580)), or that it furnish a directive or key through which the meaning of its material terms are made clearly to appear. In the case of *Morgan v. Hemphill,* supra, p. 556, it is held: "Where the amount of the purchase price fixed by the contract is certain and definite, but the terms of payment are indefinite and uncertain, the writing is not a contract and confers no rights and imposes no liability. *Rush v. Autry,* 210 Ga. 732, 734 (82 SE2d 866). See *Saye v. Adams Loan &c. Co.,* 173 Ga. 24 (159 SE 575); 49 AmJur 45, § 32."

The contract considered in the case sub judice contains the explicit and clear recital that the purchase price of the property bargained for is $37,000, but in undertaking to provide the manner of payment it stipulates the purchase price is to be paid by the buyer assuming a loan of approximately $28,800 bearing 5¾% interest and payable in stated instalments, the balance of the purchase price to be paid in cash. The instrument does not identify the loan as being held by a particular payee, state that it is a loan against the property purchased or furnished any other directive or key through which the amount of the loan can be ascertained.

The conclusion is inescapable that the contract does not, in

definite language, stipulate the terms upon which the purchase price for the property therein described is to be paid, and for this reason is invalid and unenforceable. *Cole v. Cutler,* 96 Ga. App. 891, 892 (102 SE2d 82) ; *Trust Co. of Ga. v. Neal,* 161 Ga. 965 (132 SE 385) ; *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730) ; *Morgan v. Hemphill,* 214 Ga. 555, supra.