### 44518. GARNER et al. v. BROWN.

JORDAN, Presiding Judge. Edward C. Brown filed an action against G. A. Garner and Mrs. Lecy D. Garner seeking the return of $500 paid as earnest money pursuant to a purported contract for the purchase of realty by Brown from the Garners. The writing describes certain property for which Brown agreed to pay $6,850 in cash on closing, but provides further that the "contract is contingent upon purchaser being able to obtain suitable financing." The trial court allowed the defendant credit for $40 incurred as expenses, and directed a verdict in favor of the plaintiff for $460. Subsequently, in overruling the defendants' motion for new trial, he stated in his order: "It was my opinion at the time of trial that the material facts were undisputed; that the real estate sales contract was too uncertain ('contingent upon purchaser being able to obtain suitable financing'), to be enforced. It was further undisputed that $500 earnest money had been paid to defendant[s], that defendant[s] had expended $40 trying to help plaintiff consummate the sale and therefore, a verdict for $460 was demanded as a matter of law (return of the earnest money)." *Held:*

We affirm. The stipulation "contingent upon purchaser being able to obtain suitable financing" is too indefinite and uncertain to identify any particular loan or method of financing or the terms thereof, and renders what otherwise might have been an enforceable contract unenforceable in a court of law, thereby entitling the purported purchaser to a return of his earnest money. *Morgan v. Hemphill*, 214 Ga. 555 (105 SE2d 580); *Scott v. Lewis*, 112 Ga. App. 195 (144 SE2d 460); *Parker v. Averett*, 114 Ga. App. 401 (151 SE2d 475). Also, see *Cole v. Cutler*, 96 Ga. App. 891 (102 SE2d 82), in which numerous cases are cited, and *Hamilton v. Daniel*, 213 Ga. 650 (100 SE2d 730).

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JUNE 4, 1969—DECIDED OCTOBER 17, 1969.

*E. B. Shaw*, for appellants.
*Sam G. Dettelbach*, for appellee.