433 F.2d 14
 John Henry GAY, Sr., Plaintiff-Appellant,
v.
Ben GRACE et al., Defendants-Appellees.
 No. 29177 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 12, 1970.
 John Henry Gay, Sr. pro se; John C. Swearingen, Jr., and H. Norwood Pearce, Columbus, Ga., for plaintiff-appellant.
 Marcus B. Calhoun, Frank L. Forrester, Thomasville, Ga., H. H. Perry, Jr., S. B. Lippitt, Jr., Perry, Walters, Langstaff, Lippitt & Campbell, Albany, Ga., for defendants-appellees.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant alleged that the defendants fraudulently represented that they would make him a loan to pay off a secured debt on his real property to avoid foreclosure. Appellant further alleged that he relied on the loan commitment, that the loan commitment was not honored by appellees, and that as a result the real property was lost through foreclosure. We affirm.
 
 
 2
 The Georgia law is that 'failure to observe an agreement by which one is not bound and which is unenforceable cannot amount to fraud'. Turpin v. North American Acceptance Corp., 1969, 119 Ga.App. 212, 166 S.E.2d 588, 591. See also Adamson v. Maddox, 1965, 111 Ga.App. 533, 142 S.E.2d 313. Here, there was no enforceable agreement to make a loan since it is undisputed that the parties never agreed as to the interest rate to be charged or as to the length of the loan. The negotiations for the loan took place on the day before the foreclosure and did not reach the stage of certainty. The Georgia law is well settled that failure to agree on the interest rate and time for repayment renders the agreement unenforceable. Scott v. Lewis, 1965,112 Ga.App. 195, 144 S.E.2d 460. Stanaland v. Stephens, 1948, 78 Ga.App. 68, 50 S.E.2d 258.
 
 
 3
 The cases cited by appellant are not applicable since they involve enforceable contracts which were fraudulently induced.
 
 
 4
 Affirmed.