## MORRIS et al. v. BALLARD.

(Court of Appeals of District of Columbia. Submitted October 7, 1926. Decided December 6, 1926.)

No. 4410.

1. Specific performance ☜30—Lessee held entitled to specific performance of covenant to sell at stated price "on terms to be agreed upon."

Lessee, after making improvements, *held* entitled to specific performance of covenant to sell at an agreed price, "on terms to be agreed upon," and against objection that covenant was unenforceable for indefiniteness.

2. Landlord and tenant ☜92(1)—Landlord's agreement to sell, "on terms to be agreed upon," held to bind him to agree on reasonable terms.

Landlord's covenant to sell at a stated price, "on terms to be agreed upon," *held* to bind him to agree on reasonable terms, and not arbitrarily refuse to proceed with sale.

Appeal from Supreme Court of District of Columbia.

Suit for specific performance by William T. Ballard against F. Wm. Ernst, since deceased. Decree for plaintiff, and Barbara V. Morris and others, representing the estate of F. Wm. Ernst, appeal. Affirmed.

R. J. Whiteford and D. L. Morris, both of Washington, D. C., for appellants.

C. Clinton James and W. W. Millan, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree ordering specific performance of a contract for the sale and conveyance of certain real estate situate within the District of Columbia. The appellee, William T. Ballard, was plaintiff in the lower court, and F. Wm. Ernst, since deceased, whose estate is represented by the appellants, was defendant.

The record discloses that on December 28, 1921, the defendant, being the owner of the property in question, entered into a written contract with the plaintiff, whereby he leased the same to plaintiff for a period of three years, commencing on January 1, 1922, at a rental of $100 per month, stipulating that plaintiff should keep the premises in good repair, and should have the privilege of making alterations or additions to the property at his own expense at any time during the demised term. The contract also contained the following clause giving the plaintiff the right to purchase the property at any time on or before July 1, 1923, to wit:

"It is further provided that the said party of the second part is hereby given the privilege of purchasing said premises on or before July 1, 1923, for the sum of $18,000 on terms to be agreed upon."

The contract was duly signed, acknowledged, and recorded, and the plaintiff took possession of the premises under it, and has continuously occupied the same ever since as his residence and office. He has fully discharged all obligations imposed upon him by the contract, and has made alterations of the property as thereby permitted.

In the month of December, 1922, plaintiff advised defendant that he desired to avail himself of his right to purchase the premises as permitted by the contract. Accordingly he tendered himself as ready, willing, and able to pay the agreed price therefor, either in cash or upon such terms as defendant might impose. And afterwards, to wit, on May 15, 1923, defendant having refused to accept payment in cash or to name any terms of payment as acceptable to him, plaintiff made due tender of the agreed price in cash, less certain undisputed liens then existing upon the property, and demanded a deed of conveyance for the same. Defendant, however, unconditionally refused to accept the tender or make the conveyance, whereupon plaintiff filed his present bill for specific performance of the contract.

In the bill plaintiff repeated his tender to pay for the property in cash, or upon any lawful terms which defendant should prefer. Defendant answered, alleging that the stipulated price for the property was grossly inadequate, and that his signature to the instrument had been obtained by fraud upon the part of the plaintiff. He also denied that any lawful tender had been made to him by plaintiff. He maintained, furthermore, that the provisions requiring that payment of the purchase price should be made "on terms to be agreed upon" was indefinite and incomplete, and rendered the contract of sale unenforceable, in the absence of further negotiations and agreement as to the terms of payment, and claimed that, inasmuch as no such terms had ever been agreed upon by the parties, the court should not award a decree of specific performance.

At the trial below the defendant introduced no evidence whatever in support of the charge that the agreed price of the property was inadequate, or that his signature to the contract had been obtained by fraud. Proof was introduced by the plaintiff in sup-

port of his claim of tender. The court decreed specific performance in favor of plaintiff upon condition that he should pay the purchase price in cash, less the valid incumbrances then existing upon the property.

We think this decree was right. The plaintiff had taken possession of the property under the contract, and had expended money in making alterations and repairs upon it in reliance upon the option, which was one of the terms of the agreement. Under these circumstances, it became the duty of defendant, upon proper demand, either to accept the agreed purchase price in cash or to specify such terms as were acceptable to him. He had no right to refuse arbitrarily and unconditionally to accept payment solely for the purpose of defeating the option. Such a refusal would operate as a fraud upon the plaintiff.

[2] The agreement of the defendant, under the circumstances, to accept the agreed purchase price "on terms to be agreed upon," was in good conscience a stipulation that he would in fact agree with plaintiff upon reasonable terms of payment, and would not arbitrarily refuse to proceed with the sale. His refusal either to accept cash or to name any terms whatever was a wrongful violation of that agreement, for which the plaintiff had no adequate remedy except a decree of specific performance.

We have been cited to many authorities which hold that equity will not enforce specific performance of a contract, if any of its material terms has been left to be settled by future negotiation. But the peculiar facts of this case differentiate it from such authorities, for the defendant in this case was simply called upon to decide for himself whether the agreed price for the property should be paid to him in cash or upon terms, and, if the latter, to state what terms he desired. The contract must be considered as a whole, and accordingly, since it had been partly performed by the plaintiff, the defendant was not entitled to refuse to perform his obligations under it.

"It should also be remarked, before proceeding with the discussion, that when a *contract has been partly performed* by the plaintiff, and the defendant has received and enjoys the benefits thereof, and the plaintiff would be virtually remediless unless the contract were enforced, the court, from the plainest considerations of equity and common justice, does not regard with favor any objections raised by the defendant merely on the ground of the incompleteness or uncertainty of the agreement. Even if the agreement be incomplete, the court will then, in furtherance of justice and to prevent a most inequitable result, decree a performance of its terms as far as possible, although, perhaps with compensation or allowance. In fact, as has been shown in chapter 1, one ground of the equitable jurisdiction to decree a specific performance is the incompleteness of the contract, which would prevent an action at law, but which exists to such a limited extent and under such circumstances that a refusal to grant any relief would be plainly inequitable." Pomeroy, Specific Performance, § 145.

The decree of the lower court is affirmed, with costs.