138 A.2d 501 (1958)
Ruthanna HINDES, Plaintiff,
v.
WILMINGTON POETRY SOCIETY and Delaware Writers, Inc., a corporation of the State of Delaware, and David Hudson, Defendants.
Court of Chancery of Delaware, New Castle.
February 4, 1958.
*502 James T. McKinstry of Richards, Layton & Finger, Wilmington, for plaintiff.
Thomas Herlihy, Jr., and Joseph M. Kwiatkowski, Wilmington, for defendants.
SEITZ, Chancellor.
Plaintiff's complaint seeks, inter alia, a declaration that an alleged "agreement" is invalid because it is too indefinite to be enforced.
Under the agreement between plaintiff and the corporate defendant, the plaintiff turned over to the defendant for printing and publishing an original manuscript prepared by her and entitled, "Delaware Silversmiths  1700-1850". The agreement in issue was orally reached at a meeting of the Executive Committee of the defendant, Wilmington Poetry Society and Delaware Writers, Inc., on October 27, 1954. No written agreement was ever executed by the parties nor was one contemplated. The only written evidence of the terms of the agreement are the minutes of the Executive Committee meeting. Plaintiff relies upon the minutes as reflecting the entire agreement. Defendants also relied upon the minutes until the trial had progressed to a point where the issue of definiteness became rather important. Thereafter and now defendants suggest that the agreement evident from the minutes does not embrace the full understanding with respect to royalties and discounts. They assert that the full agreement was that defendant was to pay plaintiff at least the usual royalties and grant the usual discount to her.
After the Executive Committee meeting the manuscript was submitted to defendants and its printing progressed through the page proof stage. Then difficulties developed between plaintiff and the corporate defendant's editor-in-chief  the individual defendant. As a result of such *503 differences the matter came to a grinding halt. Plaintiff then commenced this litigation to recover her manuscript.
Following a hearing on the merits of this case, the court granted plaintiff's motion to first determine the issue as to whether or not the agreement in question was too indefinite to be legally binding. This is the decision thereon.
Since the parties are in accord that the basic agreement is evidenced by the minutes of the Executive Committee meeting, I now consider plaintiff's attack on the definiteness of certain provisions thereof. Plaintiff says that the agreement is too indefinite in at least three respects:
1. The provision that "Royalties to the author to be settled upon after publication costs are met" is nothing more than an agreement to agree at a future time and therefore too indefinite.
2. The provision that "Discount to the author on copies for gifts will be agreed upon later, or after publication" is subject to a similar infirmity.
3. The failure to provide for a publication date, particularly when considered in conjunction with the two previously mentioned provisions, renders the agreement too indefinite to be enforced.
Defendants' basic responses are as follows:
1. The provisions as to discounts and royalties are not essential provisions of the agreement.
2. The provisions in question are not indefinite but, if they are, the court should cure any indefiniteness by reading a reasonableness requirement or trade custom or usage rate into them.
3. Since the defendant rendered substantial performance in reliance upon the existence of an agreement, plaintiff should not be permitted to avoid the consequences of her own voluntary action in entering into the agreement.
Clearly, material provisions of an agreement can be so indefinite that the agreement will not be enforced. The Most Worshipful, etc., v. Hiram Grand Lodge, 32 Del.Ch. 85, 80 A.2d 294; see 1 Williston On Contracts, (3rd ed., Jaeger), § 45. However it is equally true that a court will not upset an agreement where the indefinite provision is not an essential term
I now consider whether the provision for royalties was an essential provision of the agreement. The minutes call for "Royalties to the author to be settled upon after publication costs are met". A provision for compensation is certainly one of the most important aspects of any agreement. While it may be true that many authors work for "love" it is a hard fact of life that they also are generally interested in monetary reward. The compensation in the form of royalties must here be considered to have been more than a detail.
I conclude that the provision for the amount of royalty payments was an essential term of the contract. I am inclined to agree with defendants that the provision for discounts to the author on copies for gifts was not an essential term. Nor do I believe the failure to fix a publication date was a material omission in this type of agreement and under the circumstances of this case. It was an area where "reasonable time" could be implied.
Is the essential provision for the payment of royalties too indefinite to be enforced? Clearly from the language itself the parties intended to sit down at a future time and decide on the amount of royalties. As plaintiff's counsel says, this is the classic case of agreeing to agree in the future. It is unenforceable when challenged at this stage. See Mitchell Novelty Co. v. United Manufacturing Co., D.C.Ill., 94 F.Supp. 612.
But defendants argue that the provision for royalties was, according to some of defendants' testimony, understood to be subject to the "usual" terms governing *504 royalty agreements. Plaintiff in her testimony denied any such understanding. I think it is unnecessary to resolve the dispute because the language of the agreement makes it clear that the parties were to agree upon the royalty rate after publication. The attempt by the defendants to say that it was subject to the "usual" rate is inconsistent with the language which explicitly left the matter for subsequent agreement. It is for the same reason that the court cannot imply a reasonable rate provision, even if it otherwise would. Compare Gluckman v. Holzman, Del.Ch., 53 A.2d 246. It should be added that the "usual" rate testimony, if true, was not sufficiently definite to be of use.
Defendants rely upon certain statements in Corbin On Contracts but I think they dealt with a situation where the term was not deemed essential or performance had rendered the provision definite, etc. The principal case relied upon by defendants was Morris v. Ballard, 56 App.D.C. 383, 16 F.2d 175, 49 A.L.R. 1461. Passing over other distinguishing features, it is sufficient to say that the parties had there agreed on the consideration to be paid and the dispute was as to the terms of payment. Here the parties did not agree on the basic consideration. Thus the important distinction is apparent.
I conclude that the provision with respect to the payment of royalties is legally indefinite because it is nothing more than an agreement to agree at a later time and no agreed or implied standards are operative to make such future action definite.
Finally, I consider defendants' argument that the work has so far progressed that plaintiff should not be permitted to avoid the consequences, particularly since she also had the intention to enter into a binding agreement. Had the parties by performance rendered the indefinite provision definite a different problem would be involved. However, the litigation arose before publication and it is apparent from the testimony that the parties are now "constitutionally" unable to agree on anything.
I conclude that performance of the agreement has not progressed to the point where the indefiniteness in the royalty provision has been cured. Nor do I see any basis for an estoppel. It follows that the agreement should be declared invalid for indefiniteness in an essential provision. But this does not mean that the relief afforded plaintiff should not be conditioned upon the granting of relief to defendants if appropriate. After all, they also rendered substantial service in the belief that they were operating under a binding agreement.
An order will therefore be entered declaring the agreement invalid for indefiniteness. However, before implementing relief will be granted plaintiff, the court will hear the parties as to whether such relief should be conditioned and, if so, the extent thereof.
Present order on notice.