## 37478. FLEMING *v.* DORAN.

TOWNSEND, Judge. 1. A contract for the purchase and sale of real estate, the terms of which in reference to the payment of purchase money are too vague and indefinite to be enforceable, confers no rights and imposes no liability on either party. *Rush* v. *Autry*, 210 *Ga.* 732(3) (82 S. E. 2d 866). The contract of sale on the breach of which this action for damages is predicated contains, as to the payment of purchase price, the following: "$11,000, to be paid as follows, assume loan, pay cash difference. . . It is agreed that the vendor shall convey above described property to purchaser by warranty deed and purchaser shall execute and deliver unto vendor a purchase money security deed evidenced by notes covering any

unpaid balance that may be due vendor. . . It is understood and agreed by the parties hereto that an exchange of properties shall be considered as two separate and distinct sales, and commissions will be paid by each party on property exchanged." The Supreme Court in its latest expression on this issue holds unequivocally that a contract of sale, the only terms of which regarding payment of purchase price are as in the first sentence above quoted, is too vague and indefinite to constitute an enforceable agreement in a court of law. *Morgan v. Hemphill*, 214 *Ga.* 555 (105 S. E. 2d 580). The later provisions in the contract of sale regarding execution of a future purchase-money security deed or exchange of property render the agreement even more uncertain and indefinite than before. Failure to identify any loan or disclose any terms of payment renders the contract void, and no action for damages because of its breach can be predicated on it.

2. This court cannot take judicial cognizance of the fact as alleged in the brief of the plaintiff in error that it is a universal custom for contracts for the sale of real estate to fail to describe the loan intended to be assumed by the purchaser if such a loan in fact constitutes a lien against the real estate which is the subject matter of the sale. The petition fails to allege that such a custom exists or was a matter of fact understood to be part of this contract, which would be necessary to raise the question for consideration (*Electric City Lumber Co. v. N. Y. Underwriters Ins. Co.*, 43 *Ga. App.* 355, 158 S. E. 620) even if it would be possible in any case to plead or prove that matter which the law has pronounced void could be restored to life because of a trade custom.

The contract was unenforceable and the trial court did not err in sustaining the general demurrer and dismissing the petition. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 20, 1959.

*Gary L. Pleger,* for plaintiff in error.
*Larry V. McLeod, Jay D. Gardner,* contra.