## 20605. C. V. NALLEY, INC. *v.* SCHOEN.

HAWKINS, Justice. The writ of error in this case, complaining of the judgment of the trial court sustaining the general demurrer to the plaintiff's petition, seeking to recover damages for the breach of an alleged contract for the sale and exchange of real property and certain leasehold interests therein, comes to this court under the provisions of Article 6, Section 2, Paragraph 8 of the Constitution of this State (Code, Ann., § 2-3708), because of the equal division of the Judges of the Court of Appeals as to the judgment that should be rendered, Felton, C. J., Carlisle and Nichols, JJ., being for

affirmance, and Gardner, P. J., Townsend and Quillian, JJ., being for reversal. *Held:*

A contract for the sale and exchange of real property and leasehold interests therein, by the terms of which the purchaser agrees to pay the seller $125,000 in cash and convey to the seller certain real estate in Florida, "subject to a loan of $80,000.00, now on property, payable $6,000.00 each six months," in exchange for which the seller agrees to convey to the purchaser leasehold interests in described property in Fulton County, Georgia, is too indefinite to be enforced by an action for damages for a breach thereof. The description of the loan on the Florida property is not sufficiently definite, in that it does not appear who made the loan "now on property," or to whom it is payable, and it does not appear whether the semi-annual payments include interest, and, if not, when the interest, if any, is payable, and at what rate; it does not appear by what instruments the loan is evidenced, or whether such instruments are recorded, or the holder thereof. The words "loan now on property" are no more definite than the words "existing loan," and this case is controlled by the ruling of this court in *Morgan* v. *Hemphill*, 214 *Ga.* 555 (105 S. E. 2d 580). Since this ruling is controlling, it becomes unnecessary to determine whether the contract is too indefinite in other respects, such as the failure to disclose the terms of a 99-year ground lease upon the property which is to be transferred by the seller to the purchaser; the expiration date of a 15-year lease upon the property, held by the seller, or the terms thereof, and the terms of a new 15-year lease to be obtained and transferred by the seller to the purchaser, when it is to begin, and as to the privilege reserved by the purchaser of accepting a transfer of all the stock in a , named realty company, which is not a party to the contract, and which is referred to therein as the present owner of improvements on said property, who owns the stock, and when such privilege is to be exercised. The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 14, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*Joe K. Telford, Smith, Field, Doremus & Ringel, H. A. Stephens, Jr., B. H. Ansley,* for plaintiff in error.
*Candler, Cox, McClain & Andrews,* contra.