### 42502. MOOG v. PALMOUR.

FRANKUM, Presiding Judge. Where a contract for the sale of a described tract of realty provides that the fixed and definite purchase price of $704,500, as set forth therein, is to be paid as follows: Purchaser to buy subject to an existing first mortgage (which is fully described); that "This loan balance after January 1966 payment estimated at $555,000; seller to accept purchaser's equity in property known as 2998 Grandview Ave., N.E. in the amount of $23,500; purchaser to pay cash in the amount of $22,000; seller to accept purchase money note and security deed on above property in the amount of $104,000," with interest rate, term and monthly payments on such note fully described, such contract was too vague, indefinite and uncertain to be enforced. No closing date of the sale contemplated by the contract was definitely provided for therein,

and it will, therefore, be presumed that the parties contemplated that the contract would be consummated within a reasonable time after the offer to buy made by the purchaser was accepted by the seller. However, under the clear and unmistakable terms of the contract, should the closing date in fact turn out to be some date other than January, 1966, the estimated balance of the loan to be assumed by the buyer would necessarily vary from the figure of $555,000, set forth in the contract. But the contract does not state whether the fixed and definite figure of $22,000 cash to be paid by the buyer or the fixed and definite figure of the $104,000 purchase money note to be given by the buyer shall be varied to arrive at the fixed and definite figure of $704,500 as the total purchase price. For example, if, upon closing the sale, it should be found by the parties that the loan balance, instead of being $555,000, is in fact only $545,000, the question arises: Is the buyer to pay $32,000 in cash and give a note for $104,000, or would the seller be required by the terms of the contract to accept only $22,000 in cash and accept a note for $114,000, so as to make the fixed and definite purchase price of $704,500? The contract furnishes no key by which a court, in construing its terms, can say that either one or the other of these alternatives is required. It is, therefore, too vague and indefinite to be enforceable. *Crawford v. Williford*, 145 Ga. 550 (89 SE 488); *C. V. Nalley, Inc. v. Schoen*, 215 Ga. 513 (111 SE2d 40); *Stanaland v. Stephens*, 78 Ga. App. 68 (2) (50 SE2d 258); *Cole v. Cutler*, 96 Ga. App. 891 (102 SE2d 82); *Fleming v. Doran*, 98 Ga. App. 837 (107 SE2d 332); *Dunford v. Townsend*, 100 Ga. App. 550 (112 SE2d 14).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JANUARY 9, 1967—DECIDED APRIL 4, 1967— REHEARING DENIED APRIL 19, 1967—

*Hatcher, Meyerson, Oxford & Irvin, Stanley P. Meyerson,* for appellant.

*Grant, Spears & Duckworth, William H. Duckworth, Jr.,* for appellee.