Richard STANDER, Appellee,

v.

Lee FLOYD, Appellant.

No. 53283.

Supreme Court of Iowa.

Feb. 11, 1969.

Mossman & Grote, Vinton, for appellant.

Boyd J. Milroy, Vinton, for appellee.

MOORE, Justice.

Plaintiff's petition in equity alleged that on March 8, 1966 he entered into an oral agreement with defendant to furnish machinery and labor in connection with the production of a soybean crop on defendant's farm during 1966 for which plaintiff was to receive one third of the proceeds from the sale of the beans. It further alleged the crop was sold, defendant failed to account and prayed for a judgment of $1784.49. The trial court entered a $850.58 judgment for plaintiff from which defendant has appealed. We affirm.

Defendant asserts the trial court erred in finding the evidence was sufficient to prove; (1) an oral agreement between the parties as would require defendant to account, (2) performance by plaintiff of the alleged oral agreement and (3) the amount owed to plaintiff.

 Being in equity it is our duty to consider this appeal de novo. Rule 334, Rules of Civil Procedure.

Rule 344(f), par. 7, R.C.P. provides that in equity cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the trial court but we are not bound by them. The record before the trial court and here consists entirely of the testimony given by plaintiff and defendant.

Defendant was in a serious automobile accident in 1963 and his son farmed for him in 1963 and 1964. In 1965 plaintiff helped defendant and he gave plaintiff part of the crops for his help.

Plaintiff testified that in March 1966 defendant was staying at plaintiff's residence in Dysart and working at the locker plant, defendant asked him how he wanted to farm that year and it was agreed it would be farmed on a third or a half of the crops going to plaintiff. Plaintiff was to furnish half the labor and machinery.

Plaintiff further testified he bought additional farm machinery after the oral agreement. He disced, "drug," cultivated and helped harvest the soybean crop and used his two trucks to help haul the harvested beans to two elevators for storage. Defendant advanced plaintiff $200 when the additional farm machinery was bought. Plaintiff furnished 100 bushels and defendant 60 bushels of seed. During the summer plaintiff also mowed part of the government land.

Months after the beans were stored at the elevators, they were sold by defendant without plaintiff's knowledge. Plaintiff testified in detail regarding acreage and the exact amounts received by defendant for sale of the beans.

Defendant testified he had given plaintiff $700 for his help during 1965 and that in March 1966 when the parties talked about what was to be done in 1966 he only told plaintiff he would treat him right. He denied agreeing to give plaintiff a third or a half.

Defendant further testified his farm machinery was also used and that he furnished all the gas and oil for the machinery, except oil for plaintiff's tractor. He related several items of expense including $550 to have the beans combined. He did not dispute the amounts received when he sold the soybeans.

The trial court's detailed findings and conclusions include: "The Plaintiff has sustained the burden of proving his claim and has proven that he is entitled to one-third of the net proceeds derived from the beans raised upon the 77 acres which the Defendant owned. The beans brought an average of $54.12 per acre, or $4,167.24 gross income from beans raised on Defendant's land.

"Certain expenses were incurred in the total farming operation, to wit, $60.00 paid additional bean seed, $285.00 fuel for tractors, $160.00 hail insurance, $550.00 Yedlik for combining, and $160.00 for storage, or a total of $1,215.00, of which 70% should be charged against the proceeds of the beans raised on Defendant's land, to wit, $850.50. Consequently, a net income from said real estate was realized in the sum of $3,316.74, of which Plaintiff's share is one-third, or $1,105.58. However, it is established that Defendant advanced to the Plaintiff $200.00, and should be reimbursed for the same. Thus, leaving Plaintiff's share $905.58. * * *.

"In the preceding year, 1966, Defendant loaned Plaintiff $100.00 with which to purchase potatoes in Minnesota. This sum has not been repaid, and should also be charged against the Plaintiff's aforesaid recovery."

Defendant first argues plaintiff had the burden to prove the oral agreement by clear and satisfactory evidence. He relies on Davis v. Davis, Iowa, 156 N.W.2d 870; Sawyer v. Sawyer, 261 Iowa 112, 152 N.W.2d 605 and James v. James, 252 Iowa 326, 105 N.W.2d 498. Each is an action in equity on an alleged agreement to make a will and devise property. The rule is well established that in equity actions on such alleged oral agreements plaintiff has the burden to prove by clear and satisfactory evidence the terms of the alleged contract. It has no application to such an agreement as here claimed by plaintiff.

The applicable rules here are set out in rule 344(f), par. 5, R.C.P. which provides: "Ordinarily the burden of proof follows the pleadings; that is, he who pleads and

relies upon the affirmative of an issue must carry the burden of proving it" and rule 344(f), par. 6 which provides: "In civil cases the burden of proof is measured by the test of preponderance of the evidence."

██ It was plaintiff's burden to prove the terms of the alleged oral agreement by a preponderance or greater weight of the evidence. We agree with the trial court that he did so.

Our careful study and review of the entire record leads us to the same conclusion as that reached by the trial court.

Affirmed.

All Justices concur.