**TRI–STATES INVESTMENT COMPANY,
a Corporation, Appellant,**

v.

**Gaylord M. HENRYSON and Colleen A.
Henryson, Appellees.**

**No. 53927.**

Supreme Court of Iowa.

Sept. 2, 1970.

Ahlers, Cooney, Dorweiler, Allbee & Haynie, Des Moines, for appellant.

Brekken & Deppe, Randall, for appellees.

STUART, Justice.

Appellant-vendee brought this action in equity for the specific performance of a written option to purchase real estate. Appellee-vendors filed a counterclaim seeking

actual and exemplary damages for fraud. The trial court dismissed both the petition and the counterclaim and rendered judgment against plaintiff for costs. Only plaintiff has appealed. We affirm.

Plaintiff is engaged in the business of procuring options to purchase land near intersections along interstate highways, investigating the feasibility of developing the site for commercial purposes and selling the optioned land at a profit. Through an officer and employee it secured an option to purchase up to six acres out of the corner of a tract of ground owned by defendants. It exercised its option on a tract 220 feet deep with a 400 foot frontage along a road leading into Story City containing 2.02 acres. Defendants testified the option was to contain a provision limiting the frontage of the six acre tract to 400 feet and that plaintiff was to take 1½ acres for each 100 foot of frontage which condition was to have been placed in the option after defendants signed it. This limitation does not appear in the written option.

The trial court considered the parol evidence on this question and concluded the parties did not assent to the option as the complete and accurate integration of the land contract.

In our view, the terms of the option are so indefinite and uncertain that plaintiff is not entitled to specific performance. Therefore, we need not consider the admissibility of parol evidence on the agreement as to the dimensions of the land which could be purchased under the option nor decide the marginal factual questions which arise if it is considered.

 I. "While the law is well settled that specific performance is a matter of equity rather than a strict right and rests in the sound discretion of the court [citations], it is also well settled that specific performance will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due. [Citations]" Pazawich v. Johnson (1949), 241 Iowa 10, 14, 39 N.W. 2d 590, 592.

"A court cannot enforce a contract unless it can determine what it is. In order to be binding, an agreement must be definite and certain as to its terms to enable the court to give it an exact meaning. Although vagueness, indefiniteness and uncertainty are matters of degree, their existence as to any of the essential terms of an agreement is adequate reason for refusal to direct specific performance." Davis v. Davis (Iowa, 1968), 156 N.W.2d 870, 876, and citations.

See also: O.K. Tire & Rubber Co., Inc. v. Oswald (Iowa, 1969), 166 N.W.2d 749, 752; Brandt v. Schucha (1959), 250 Iowa 679, 691, 96 N.W.2d 179, 186; Down v. Coffie (1944), 235 Iowa 152, 157–158, 15 N.W. 2d 216, 219; Staly v. McNerney (1943), 233 Iowa 1065, 1076, 10 N.W.2d 584, 589; Marti v. Ludeking (1922), 193 Iowa 500, 502–503, 185 N.W. 476, 477; Lutter v. Ogburn (1921), 192 Iowa 525, 528, 185 N.W. 17, 19; 81 C.J.S., Specific Performance, § 31(b).

 The option, in its pertinent parts provided that vendors agreed to hold, until September 1, 1968 subject to the exclusive order of the vendees:

"6 acres or less as indicated on attached map * * * or to transfer and convey the said property by warranty deed * * * to the said second party * * * for the price of Five Thousand Dollars per acre purchased payable on the following terms: *Cash or Land Contract. Land Contract terms to be agreed upon after optionee exercises this option.*"

The attached map contained no information pertinent to the terms of the land contract or this option.

 II. The terms of the option that we have emphasized are uncertain and indefinite. It is not clear whether vendors

or vendee had the right to determine the method of payment. Plaintiff exercised the option by agreeing to pay cash. If it had such choice, the relevancy of uncertainty in the land contract terms would be questionable. Parol evidence of the surrounding circumstances was admissible to help resolve this issue. Union Trust & Savings Bank v. State Bank (Iowa, 1969), 170 N.W.2d 674, 677; Baron v. Crossroads Center of Iowa, Inc. (Iowa, 1969), 165 N.W.2d 745, 750; Smith v. Conn (Iowa, 1968), 163 N.W.2d 407, 411; Flynn v. Michigan-Wisconsin Pipeline Company (Iowa, 1968), 161 N.W.2d 56, 65; Keding v. Barton (1967), 261 Iowa 327, 332, 154 N.W.2d 172, 175; Hamilton v. Wosepka (1967), 261 Iowa 299, 306–308, 154 N.W.2d 164, 168–169.

At the trial, the parties who negotiated the option for plaintiff claimed it had the option. However, in a deposition taken prior to trial the negotiating officer stated: " * * * if we wanted to pay them cash and they wanted an installment contract, they would have the opportunity of having this paid to them on an installment basis. The option does so specify."

■ Vendors claim the land contract provision was inserted so they could take advantage of the income tax savings on an installment sale and the option was theirs. We believe the evidence supports vendors and hold they had the option of deciding whether payment should be in cash or under a land contract.

■ III. If defendants asked for payment under a land contract, what were its terms? How much was the down payment? When were the installments to be paid? How much were they? What was the rate of interest on the unpaid balance? None of these matters were stated in the option. It provided only that "the land contract terms were to be agreed upon after the optionee exercises this option". No one claims there was ever any discussion of the terms for payment by land contract. An agreement in an option to resolve the basic terms of a land contract in the future renders the terms of the option so indefinite, uncertain and incomplete that equity will not enforce it by specific performance.

"An agreement to make a contract in the future upon terms then to be agreed upon is generally regarded as nugatory and unenforceable * * *." 68 A.L.R.2d 1221, 1222, Anno: Contract—Payment—Terms Left Open.

"The terms governing the manner and time of payment of the price agreed upon have ordinarily been regarded as such an important part of the agreement that where the alleged contract expressly left these terms open for future negotiation the courts have usually held that the minds of the parties had never in fact met upon the essentials and a conveyance of the property would not be specifically enforced." 68 A.L.R.2d 1221, 1222; Lewis v. Lockhart (Alaska, 1963), 379 P.2d 618, 622; Roberts v. Adams (1958), 164 Cal. App.2d 312, 330 P.2d 900, 901–902; Bonk v. Boyajian (1954), 128 Cal.App.2d 153, 274 P.2d 948, 950; Lasseter v. Dauer (Fla.App. 1968), 211 So.2d 584, 585; Moog v. Palmour (1967), 115 Ga.App. 602, 155 S.E.2d 692, 693; McMikle v. O'Neal (La.App., 1968), 207 So.2d 922, 924; King v. Dalton Motors, Inc. (1961), 260 Minn. 124, 109 N.W.2d 51, 54; Willmott v. Giarraputo (1959), 5 N.Y.2d 250, 184 N.Y.S.2d 97, 157 N.E.2d 282, 283; Bryant v. Clark (Tex. Civ.App., 1961), 347 S.W.2d 635, 637–638; Duke v. Tobin (1957), 198 Va. 758, 96 S.E.2d 758, 760. See also: Pap v. Pap (1955), 247 Iowa 371, 384, 73 N.W.2d 742, 749. But see: Morris v. Ballard (1926), 56 App.D.C. 383, 16 F.2d 175, 176, 49 A.L.R. 1461; Gressitt v. Anderson (1947), 187 Md. 586, 51 A.2d 159, 161.

We hold the terms of the option governing the time and manner of payment

were so indefinite and uncertain that plaintiff is not entitled to specific performance.

The trial court is affirmed.

Affirmed.

All Justices concur.