Argued October 16, affirmed November 15, 1973

MATHERS ET UX, *Respondents, v.* EDDY ET UX,
*Appellants.*

515 P2d 912

*Robert G. Chidester,* Portland, argued the cause
and filed the briefs for appellants.

*Dale D. Liberty, Sr.,* Oregon City, argued the cause and filed the brief for respondents.

TONGUE, J.

This is a suit for specific performance of an earnest money agreement for the sale of a house and lot in Clackamas County. Defendants appeal from a decree in favor of plaintiffs. We affirm.

■ Defendants' first contention is that they withdrew a written counter-offer made by them before it was accepted by plaintiffs. We have examined the record, including the conflicting testimony of the parties, and agree with the finding by the trial judge that the counter-offer was accepted by plaintiffs before defendants attempted to withdraw it. No useful purpose would be served by a detailed discussion of the evidence.

Defendants' remaining contention is that the earnest money agreement was not sufficiently definite and certain so as to be properly subject to enforcement by specific performance. The agreement provided for payment of the purchase price of $31,000, with a down payment of $6,600, and that "terms to include payoff of contract within 15 months," with interest at seven per cent on the contract balance.

The "uncertainties" complained of by defendants include, among other things, the absence of provisions relating to forfeiture in the event of default, and to responsibility for fire loss, insurance, repairs, taxes and utility damages.

Defendants cite *Hubbell v. Ward,* 40 Wash 2d

779, 246 P2d 468 (1952), in which similar "uncertainties" were held to prevent specific performance of provisions of an agreement for the sale of real property for payments over a period of time. In that case, however, the contract provided for payments of $200 *or more* per month.

The court in *Hubbell* held (at 743) that, as a result, the buyer had the right to pay the entire balance in cash and that in such event the seller was required to accept such a payment. Accordingly, the court ordered specific performance of the contract on the condition that the entire contract balance be paid in cash, thus enforcing an alternative method of specific performance which was not subject to such "uncertainties."

We recently reached the same result in a case involving a similar earnest money agreement providing for payments "on or before" specified dates. *Phillips v. Johnson,* 266 Or 544, 514 P2d 1337 (1973).

Defendants contend that contract provisions for payments of specified amounts "or more," or for "not less" than specified payments, or for payments "on or before" specified dates are to be distinguished from a provision for payment of a contract balance "within" a specified time, as in this case.

■ We are unable to find any such distinction for the purposes of this case. All of such provisions give the purchaser the right to pay the entire contract balance in cash and, in such an event, require the seller to accept such a payment.

■ In this case, and in accord with these authorities, the trial judge entered a decree of specific per-

formance on condition that the entire balance of the purchase price be paid in full, but required that such payment be made within 90 days, rather than "in cash," as in *Phillips v. Johnson, supra.* Although defendants denied that any decree of specific performance was proper, they did not demand payment within a shorter period of time.

For these reasons, we affirm the decree by the trial court.