Argued October 29, 1973, affirmed March 21, 1974

BAGLEY ET AL, *Respondents, v.* CONSTANT, *Appellant.*

519 P2d 1255

*Claud A. Ingram,* John Day, argued the cause for appellant. With him on the brief were Ingram & Schmauder, John Day.

*Robert W. Collins,* Pendleton, argued the cause and filed a brief for respondents.

Before McALLISTER, Presiding Justice, and DEN-ECKE, HOLMAN, TONGUE*, HOWELL and BRYSON, Justices.

DENECKE, J.

■ The sole issue is whether the terms of an option to purchase a ranch are so indefinite that the option is unenforceable. The plaintiffs brought this suit asking the court to declare the option unenforcable and the defendant, in effect, counterclaimed for specific performance. The trial court held the option unenforceable and the defendant, the would-be purchaser, appeals.

Bill Schoene planned to sell his ranch to his neighbor, the defendant. Bill Schoene died before any agreement was made. One of the plaintiffs, Herman Schoene, and his sister, both elderly persons, inherited the ranch. They were willing to sell to the defendant. When the defendant discussed the purchase with the heirs, both from out of state, probate of the estate had just commenced. For this reason the sale could not be consummated immediately; therefore, the heirs and the defendant entered into the option agreement in April 1971. The option was to expire on April 1, 1972. The price was $30 per acre, making the total purchase price approximately $49,000.

The *"Terms of Purchase:"* paragraph of the agreement provided:

"The purchase price shall be paid as follows: Twenty-five per-cent of the purchase price shall be paid upon closing and the unpaid balance shall be paid in equal annual payments over a period of — years and shall bear interest at the rate of — per-cent per annum."

---

* Tongue, J., did not participate in this decision.

From the evidence we cannot determine why these terms were left blank. All the parties agreed that the defendant was to have a reasonable time to pay the balance. The defendant testified he thought a reasonable time was nine years. The defendant entered into a one-year grazing lease of the ranch with the administrator of the estate and invested in improvements on the land which would not be economical for the defendant unless he were to purchase the ranch. He would not have made the improvements had he not believed he was going to purchase the ranch.

Herman Schoene talked to his stepson, the plaintiff Ronald Bagley, about the option. Bagley was an accountant and accounting teacher. He believed the option was revokable. He had an attorney prepare a contract of sale which he and Herman executed whereby he purchased Herman Schoene's interest for $23,000. The terms were $100 down, which he paid, and the balance in cash upon closing. The plaintiff Bagley offered the other heir the same price provided in the option, approximately $24,500, but she intended to sell to the defendant and refused the offer.

The plaintiff Bagley went to the defendant and informed him of his intention to revoke the option and demanded a larger purchase price to be paid in cash. The defendant refused to pay a higher price. The plaintiff Bagley and Herman Schoene sent a revocation of the option. Within the term of the option the defendant sent an exercise of the option.

After April 1, 1972, the date at which by its terms the option expired, plaintiffs filed suit and alleged the option had been revoked. Plaintiffs also alleged the option was too indefinite and, therefore, was unenforceable. Defendant answered, and in his prayer

asked the court to direct the plaintiffs to proceed with the sale. He also asked the court to determine what would be a reasonable time to pay the balance, or, in the alternative, "to permit" defendant to pay cash.

Defendant primarily relies upon *Taylor v. Wells,* 188 Or 648, 217 P2d 236 (1950), and *McCreight v. Girardo,* 205 Or 223, 280 P2d 408, 287 P2d 414 (1955). In *Taylor v. Wells,* supra (188 Or 648), the lease provided for "an option to buy at $4,500.00 Down Payment to be agreed to by both parties." 188 Or at 651. The would-be purchasers notified the defendants that they exercised the option and offered to pay the entire $4,500. We reversed the decree of the trial court denying specific performance. The exact basis for our decision is not completely certain. We relied upon *Morris v. Ballard,* 56 App DC 383, 16 F2d 175, 49 ALR 1461 (1926), and quoted therefrom:

"The agreement of the defendant, under the circumstances, to accept the agreed purchase price 'on terms to be agreed upon,' was in good conscience a stipulation that he would in fact agree with plaintiff upon reasonable terms of payment, and would not arbitrarily refuse to proceed with the sale. His refusal either to accept cash or to name any terms whatever was a wrongful violation of that agreement, for which the plaintiff had no adequate remedy except a decree of specific performance." 16 F2d at 176.

We also stated:

"In the instant case the indefiniteness, if any, relating to the payment of the purchase price revolves around the question whether it was to be paid in cash or in installments. If the Wellses had the right to have it paid in installments, they waived that right by failing to object on that ground when the Taylors tendered the entire purchase price in

cash. Under the circumstances stated, any indefiniteness in the contract regarding the payment of the purchase price ceased to exist." 188 Or at 658-659.

The opinion in *McCreight v. Girardo,* supra (205 Or 223), upon which defendant relies, was "withdrawn upon rehearing."

Since the trial court's decree we have decided two appeals involving the same general problem.

In *Phillips v. Johnson,* 266 Or 544, 514 P2d 1337 (1973), an earnest money receipt provided for a certain sum to be paid down and specified sums in payment of the balance, to be paid on or before specified dates. The problem was that the agreement did not provide whether the sale was to be consummated by deed, note and mortgage, or by land sale contract, nor were the terms of these instruments specified. We held the agreement was not enforceable as an agreement providing for installment payments; however, we granted the purchaser specific performance because the agreement provided that the installments were to be paid "on or before" which gave the purchasers the alternative of paying the entire purchase price at the closing of the sale. As we pointed out, under these circumstances any indefiniteness about the security for an installment-type transaction was no longer material.

In *Mathers v. Eddy,* 267 Or 191, 515 P2d 912 (1973), the earnest money agreement provided "terms to include payoff of contract within 15 months." We relied upon *Phillips v. Johnson,* supra (266 Or 544), and held the agreement provided for two alternative methods of payment: in installments over 15 months, with indefinite terms for security, or payment of the entire price on closing. By requiring the purchasers to perform

the latter, any indefiniteness in terms of the installment payment alternative was rendered immaterial.

The present case differs from *Phillips v. Johnson,* supra (266 Or 544), and *Mathers v. Eddy,* supra (267 Or 191), in that in the present case the option does not provide that full payment of the purchase price is an alternative method of payment permitted the purchaser.

■ The evidence is that the provision for the payment of the purchase price by installments was for the benefit of the defendant purchaser and the sellers would have preferred payment of the entire price at closing. *Taylor v. Wells,* supra (188 Or 648), etc., may be interpreted to mean that under such circumstances, during the term of the option, a purchaser can tender the entire purchase price and if the seller does not object to the entire price being tendered, the option is validly exercised. Assuming that to be correct, without in any way so deciding, such a holding is of no assistance to this defendant. During the term of the option he did not attempt to exercise the option by a tender of the entire purchase price. The defendant's offer to pay the entire price came in defendant's answer after the option by its terms had expired and 18 months after his attempt to exercise the option. The trial court stated in its opinion that this came too late and we agree.

Affirmed.