# IN THE COURT OF APPEALS OF IOWA

No. 15-1483
Filed September 28, 2016

**RONALD DWIGHT KUNDE,**
    Plaintiff-Appellant,

**vs.**

**ARTHUR D. BOWMAN and DIANE ENGELKINS,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Jackson County, Paul L. Macek, Judge.

Ronald Kunde appeals the district court's ruling granting Arthur Bowman's motion for directed verdict following a jury verdict entering judgment in favor of Kunde. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Samuel M. Degree and D. Flint Drake of Drake Law Firm, P.C., Dubuque, for appellant.

Bradley T. Boffeli of Boffeli & Spannagel, P.C., Maquoketa, for appellees.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Farmer Ronald Kunde claimed neighbor Arthur Bowman granted him an oral option to purchase his farm for approximately $3000 an acre at an unspecified time in the future. Kunde leased the Bowman farm and made substantial improvements to the property, which he alleged were consideration for the option to purchase.

In time, Bowman sold the farm to a third person with the assistance of his daughter. Kunde sued Bowman and his daughter for breach of the option agreement and for equitable relief. A jury found in favor of Kunde on the breach-of-contract claim and awarded $52,000 in damages. As instructed, the jury did not reach the equitable claims in light of its findings on the breach-of-contract claim.

 Following trial, the district court revisited Bowman's motion for directed verdict and granted the motion after finding an absence of consideration and indefinite contract terms. Kunde filed a motion to enlarge and amend, in which he requested a new trial on his equitable claims. The district court denied the motion.

On appeal, Kunde contends (I) the district court erred in granting the post-trial motion, (II) the district court should have granted a new trial on his equitable claims, and (III) the jury's damage award was insufficient.

## I. *Post-Trial Ruling*

The district court instructed the jury on Kunde's breach-of-contract claim as follows:

In order to prove the claim of breach of an oral contract, the plaintiff must prove by the preponderance of the evidence the following propositions:
1. The parties were capable of contracting.
2. The existence of a contract.
3. The consideration.
4. The terms of the contract.
5. The defendant has breached the contract.
6. The amount of any damage defendant has caused.
An option to purchase real estate is a type of contract . . . .

The jury found that Kunde proved an oral contract, a breach of the contract by Bowman, and damages. After the jury signed the verdict form, the district court made the following ruling:

Arguably, the plaintiff proved that he would pay $3000 an acre for this ground. Arguably, . . . those terms were agreed upon in approximately 2007.

The contract, if it existed, however, was indefinite in two significant and material terms. One term that this contract did not contemplate and address was an abstract of title, who was to prepare it, and who was to pay for it. Another term this arguable contract did not address is the time of the conveyance of the real estate.

Another very significant term that this contract did not include was the kind of conveyance. For example, was the conveyance to be a quitclaim deed, was the conveyance to be a land contract. Mr. Bowman may have desired to have interest greater than that—than that which he could have obtained from a bank or another lender. If he had wanted installment payments, the amount of interest would have been significant. Another type of conveyance would have been a warranty deed.

Was Mr. Bowman to convey clear title to the plaintiff? How was the right of first refusal going to be handled? Another term that this contract did not address was the payment of taxes, were they to be prorated or not? Another significant term that the contract did not address is the possession date. Was the plaintiff to have immediate possession, or was that possession to be in the future, such as when Mr. Bowman died? If possession was to be immediate, was Mr. Bowman going to be allowed to remain in his house, and on what terms? Was Mr. Bowman to have a life estate in a portion of the real estate, especially that portion of the real estate that his house sat upon?

Another term that was imprecise and a very important term was the price. Was it $3000, or was it approximately $3000? If it

was approximately $3000, was it $6000, was it $1000, was it $3000.10?

In addition, there was no consideration for the alleged contract. All of the consideration that the plaintiff relied upon was contained within the leases. There was no evidence that any portion of the work and improvements that the plaintiff did and made was in respect to the option, the alleged option. All of the consideration for the leases was contained within the four corners of the lease. The consideration addressed in the leases, again, was for the leases, it was not identified as anything other than that.

The district court entered a directed verdict pursuant to Iowa Rule of Civil Procedure 1.1003(2), which states: "If the movant was entitled to a directed verdict at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant."

As a preliminary matter, Kunde takes issue with the form of the court's ruling. Whether styled as a ruling on a motion for directed verdict or a ruling on a motion for judgment notwithstanding the verdict, the standard of review is the same: does substantial evidence support the elements of the claim? *See Winger v. CM Holdings, L.L.C.*, 881 N.W.2d 433, 445 (Iowa 2016) (reviewing district court judgment on a ruling for judgment notwithstanding the verdict for substantial evidence); *Pavone v. Kirke*, 801 N.W.2d 477, 487 (Iowa 2011) ("A directed verdict is required 'only if there was no substantial evidence to support the elements of the plaintiff's claim.'" (citation omitted)).

The record lacks substantial evidence to support essential terms of the contract, most notably the deadline for exercising the option to purchase the Bowman farm. *See Tri-States Inv. Co. v. Henryson*, 179 N.W.2d 362, 363 (Iowa 1970) ("In order to be binding, an agreement must be definite and certain as to its

terms to enable the court to give it an exact meaning." (citation omitted));
*Netteland v. Farm Bureau Life Ins. Co.*, 510 N.W.2d 162, 165 (Iowa Ct. App. 1993) (noting "the terms must be sufficiently definite to determine with certainty the duties and obligations of each party").  Kunde was asked whether he had discussions with Bowman "about when [he] might purchase the farm, how [he] might structure it, when [he] might proceed with the closing"; Kunde responded, "I needed to talk to my brother about renting and stuff on there, and we just decided that . . . I'm just going to rent it for a while.  He gave me no time limit when I had to do that, when we had to purchase it."  When asked again when he was going to buy the farm, Kunde testified, "There was no time set.  You know, there was just no time set on it.  He said you buy it, when you want to."  Kunde proceeded to lease the land and, when the leases were executed, made no mention of the option to purchase the farm.  While the jury reasonably could have credited Kunde's testimony that he would not have made improvements to the Bowman farm but for an agreement to purchase the farm, the terms of the agreement were far too speculative to be enforceable.  *See Tri-States*, 179 N.W.2d at 363 ("In our view, the terms of the option are so indefinite and uncertain that plaintiff is not entitled to specific performance.").

We acknowledge the lower burden of proof associated with Kunde's breach-of-contract claim relative to his equitable claims; as the court instructed, Kunde was obligated to prove his contract claim by a simple preponderance of the evidence rather than the higher standard applicable to actions seeking equitable relief.  *See Alpen v. Chapman*, 179 N.W.2d 585, 593 (Iowa 1970) ("The court properly instructed as to plaintiff's burden to prove his case by a

preponderance of evidence. There is no merit in defendant's contention the jury should have been told the evidence must be satisfactory, clear and convincing."); *Stander v. Floyd*, 164 N.W.2d 791, 792 (Iowa 1969) ("The rule is well established that in equity actions on such alleged oral agreements plaintiff has the burden to prove by clear and satisfactory evidence the terms of the alleged contract. It has no application to such an agreement as here claimed by plaintiff."); *Davis v. Davis*, 156 N.W.2d 870, 874 (Iowa 1968) (citing plaintiff's burden to prove contract elements by clear and satisfactory evidence but stating, "This requirement of a more exacting measure of persuasion in Iowa is limited to cases in equity and generally does not apply where a question of fact in a law action tried to a jury or to the court without a jury is to be determined by but one quantum of proof and that is by a preponderance of the evidence."); *Lungren v. Lamoni Provision Co.*, 82 N.W.2d 749, 755 (Iowa 1957) ("It is claimed that the proof presented by the plaintiff failed to prove fraud by clear, satisfactory and convincing evidence. . . . A question of fact in a law action submitted to a jury, or as in the present case to a court, is to be determined by a preponderance of the evidence."); *cf. Peterson v. Petersen*, 355 N.W.2d 26, 26-27, 29 (Iowa 1984) (stating generally, "An oral agreement to transfer an interest in land must be established by more than a mere preponderance of evidence. Because enforcement of such an agreement without convincing evidence would tend to frustrate the purpose of the statute of frauds, a greater quantum of proof is required," but also stating, "We have held that, when a plaintiff seeks *specific performance* of an oral contract on land, the contract must be established by a preponderance of the clear, satisfactory and convincing evidence" (emphasis

added)). But Kunde failed to satisfy even the lower standard. Without some evidence of when the option was to be exercised, there was only "an agreement to agree." *Air Host Cedar Rapids, Inc. v. Cedar Rapids Airport Comm'n*, 464 N.W.2d 450, 453 (Iowa 1990) ("A contract generally is not found to exist where the parties agree to a contract on the basis to be settled in the future."); *cf. Tri-States*, 179 N.W.2d at 364 ("An agreement in an option to resolve the basic terms of a land contract in the future renders the terms of the option so indefinite, uncertain and incomplete that equity will not enforce it by specific performance."); *Brandt v. Schucha*, 96 N.W.2d 179, 186 (Iowa 1959) (rejecting an equitable claim for specific performance of an oral contract to convey property after concluding "what took place on this date were negotiations preliminary to the formulation and execution of a written contract").

Because the record lacks substantial evidence to support essential terms of the contract, the district court did not err in granting Bowman judgment notwithstanding the verdict. In light of our conclusion, we find it unnecessary to address the remaining arguments on Kunde's breach-of-contract claim, including the claimed insufficiency of the jury's damage award.

## II.    *Equitable Claims*

Kunde contends the district court should have granted a new trial on his equitable claims for relief. We agree.

The jury was instructed to "consider the plaintiff's remaining claims" if Kunde "failed to prove any" of the elements of his contract claim. Having found Kunde proved the elements of his contract claim, the jury proceeded no further. When the district court overturned the jury verdict on the contract claim, Kunde

became entitled to a new trial on the equitable claims. Accordingly, we reverse the district court's denial of Kunde's request for a new trial and remand for a new trial on the equitable claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**